## Morgan v. Sparkman.

(Decided March 18, 1911.)

### Appeal from Leslie Circuit Court.

1. Contested Elections—Integrity of Ballots.—The ballots, when their integrity is established, are the best evidence as to the result of an election, and where the bag containing the ballots themselves show they have not been tampered with, will not be rejected merely because of some chisel marks on the box, it not appearing that the marks were made after the election, and the box otherwise indicating that it had not been opened.

2. Pleading—Omission From Petition Supplied by Answer.—A neces-
sary averment being omitted from the petition but having been
supplied by the answer, the defect is cured, and will be disre-
garded on appeal.

HAZELRIGG & HAZELRIGG and T. G. LEWIS for appellant.

CLEON K. CALVERT, JAMES G. BEGLEY, HIRAM M. BROCK
and R. B. ROBERTS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Reversing.

At the November election 1909, W. R. Sparkman and
Joe Morgan were opposing candidates for the office of
sheriff of Leslie county, Sparkman being the Republi-
can nominee and Morgan an independent candidate. Ac-
cording to the returns made by the election officers,
Sparkman received 129 votes more than Morgan, and
was given a certificate of election by the election com-
missioners. Morgan filed this suit to contest the elec-
tion. He alleged that in Cutshin precinct according to
the returns of the election officers Sparkman received
172 votes and he 33 votes, when in truth and in fact he
received in that precinct more than 120 votes and Spark-
man more than 87 less votes than were counted for him.
He asked a recount of the ballots in that percinct.
Sparkman filed an answer in which he denied the alle-
gations of the petition and alleged that the ballot box of
Cutshin precinct had since the election been opened by
some one; that the box had not been securely kept by the
clerk, and that opportunity had been offered for frau-
dulently tampering with the ballots. Proof was taken and
on a hearing of the case, the circuit court refused to open
the ballot box of Cutshin precinct and recount the bal-
lots. Morgan's petition was accordingly dismissed and
he appealed to this court. The ballot box referred to
was by appropriate writ brought to this court. On a
hearing of the case this court concluded the marks on the
outside of the box were not sufficient to show that the
ballots had been tampered with, and in the presence of
counsel, the box was opened. The sack in which the bal-
lots were placed by the election officers was found sealed,
and in good condition, and the sack having been opened,
the ballots were found in the condition described by the
election officers. The court thereupon in the presence of
counsel made a recount of the ballots which showed that
Morgan had received in the precinct 123 votes, and that

90 votes which had been cast for Morgan had been counted for Sparkman. Morgan received a majority in the county outside of Cutshin precinct, and, if the vote of that precinct is to be determined by the count of the ballots made here, he was elected. On the other hand, if the returns made by the election officers are the best evidence as to how the election in fact resulted, Sparkman was elected. So, the case comes to this, Shall the result of the election be determined by a recount of the ballots?

It is insisted for the plaintiff that under Bailey v. Hearst, 24 R., 504; Edwards v. Logan, 24 R., 1099; Hamilton v. Young, 26 R., 447; McEuen v. Carey, 123 Ky., 536; Pace v. Reed, 128 S. W., 891, though the ballots are the best evidence, this is conditioned strictly upon the fact that the integrity of the ballots is clearly established, and that under the rule laid down in those cases, the circuit court properly refused to reopen the box and count the ballots. While there is some evidence on the side of the ballot box of the impress of a chisel used in an effort to pry at the box, these impressions are not at all satisfactory that the box has been opened. When the whole appearance of the box is considered they look rather like an incomplete effort to open the box; and there is no proof in the record as to when these marks were made, or that they were not there before the election. On the contrary, there is proof that several years ago, there was a contested election, and that at that time several of the ballot boxes were forced open, and for all that appears, these marks may have been made then. We therefore concluded to open the box and see what the interior of the box indicated. The interior of the box rather confirmed the conclusion that the box had not been opened, and this conclusion was further strengthened by the condition in which the bag and the ballots were found. The bag was found sealed with the election seal, just as it was described by the election officers, with their names written across the paper where it was pasted, as required by the statute. The bag had also on it the tabulation of the votes as kept by the election officers, and plainly had not been disturbed. An inspection of the ballots themselves and of the stencil marks upon them, also satisfied us that there had been no mutilation of the ballots. The box had been brought by the election officers and delivered to the county clerk, who had put it in the vault, and securely kept it there, locking the vault

at night but not keeping it locked in the daytime. On the whole we think the box was so kept by the clerk as to render any tampering with it very improbable, and that the appearance of the interior of the box, the bag and the ballots, with the seals thereon, are sufficient to establish the integrity of the ballots. We therefore conclude that the ballots themselves are the best evidence as to the result of the election, and that Morgan is entitled to the office.

It is insisted for the defendant that the plaintiff's petition is defective, and that his demurrer to it which was overruled by the circuit court, should have been sustained, and to this end he has prosecuted a cross appeal. The petition does not show that Sparkman had received the certificate of election, and it is insisted that for this reason the petition is insufficient. While it is not averred in the petition in words that Sparkman had received the certificate of election, this would be the natural effect of the facts stated therein. But when the demurrer was overruled, Sparkman filed an answer, in which he affirmatively set up that he had received a certificate of election. When he so pleaded the fact, it was unnecessary for the plaintiff also to plead the fact. If the petition was defective originally, the answer made it good by pleading affirmatively the fact which had been omitted from the petition. By section 134 of the Code, it is the duty of the court at every stage of an action, to disregard every error or defect which does not affect the substantial rights of the adverse party. No substantial right of Sparkman was prejudiced by the ruling upon the demurrer, and he, having supplied the averment which was lacking in the petition, the defect must be disregarded here, for if the court had sustained the demurrer Morgan might have amended his petition by alleging that Sparkman had received the certificate of election, and it was wholly unnecessary for him to do this after Sparkman had filed an answer in which he set up that he had received the certificate of election.

Judgment reversed and cause remanded to the circuit court with directions to enter a judgment in favor of Morgan for the office as prayed in his petition. Sparkman will be adjudged his costs on the demurrer to the petition. Morgan will recover his costs in this court and in the circuit court except as indicated.