### Phillips v. Kincaid.

(Decided May 12, 1922.)

#### Appeal from Lee Circuit Court.

1.  Elections—Contest—Recount of Ballots.—In a contested election a recount of ballots alleged to have been falsely tabulated and certified will not be allowed until it is first shown that their integrity has not been invaded since the election.

2.  Elections—Contest.—A party offering in evidence the ballots cast in contested precincts is not required to prove the integrity of the ballots beyond a mere possibility, but is only required to prove. circumstances and facts from which the reasonable inference is that their integrity has not been invaded.

3.  Elections—Contest—Inspection.—The. integrity of ballots sought to be placed in evidence cannot always be determined from an inspection of the ballot boxes or from the oral evidence offered, and there may be cases in which the question cannot be decided until the ballot boxes are opened and the ballots themselves are inspected, and other cases in which their admissibility should be allowed but their evidential effect depreciated by reason of extraneous circumstances tending to reflect on their integrity.

4.  Elections—Contest—Inspection.—The Ballot boxes of the five precincts in contest in this suit were delivered to the county

court clerk after the election and by him stored in a vault having a combination lock. The room into which the vault opened was forcibly entered on two occasions and the evidence shows that the combination lock was manipulated and so changed that the door could not be opened until the services of an expert were obtained. But on an inspection of the ballot boxes it did not appear that they had been molested or opened. Under this state of case the trial court should have opened the boxes, inspected the ballots with the view of determining whether they should be received in evidence, and if they appeared regular and legal should have considered them as evidence in connection with all other evidence in the case, together with the proven fact that the room in which they were kept had been forcibly entered and the combination lock manipulated, and upon all of the evidence determined the rights of the parties.

BLAKEY & BLAKEY and J. F. SUTTON for appellant.

JOHN D. CARROLL, GOURLEY, GOURLEY & PARRISH, V. S. BEATY, C. E. TYREE and C. D. STAMPER for appellee.

OPINION OF THE COURT BY JUDGE MOORMAN—Reversing.

E. M. Phillips and Ben H. Kincaid were rival candidates for the office of sheriff of Lee county at the November election of 1921. Kincaid received a majority of thirty-six votes on the face of the returns and was awarded the certificate of election. In due time Phillips filed a petition contesting the election on two grounds: (1) alleged false tabulation and certification of the votes cast in the five precincts of Proctor, Ivypatch, St. Helens No. 1, Filmore and Beattyville No. 2, it is being averred that if the votes of those precincts had been correctly tabulated and certified that contestant would have received a majority of all votes cast, and (2) that the contestee by the expenditure of large sums of money and the use of whiskey bribed voters in the various precincts, and thereby induced more than one hundred fifty voters to cast their ballots for him.

The contestee denied the allegations of the petition and filed counter charges as to the corrupt use of money and whiskey in the election. The second ground of contest and the counter charges were abandoned. It was adjudged by the lower court that the contestee was elected and the petition of contestant was dismissed. This appeal brings in review the ruling of the trial court in refusing to open the ballot boxes and inspect the ballots

in the five precincts mentioned with the view of determining whether or not they should be admitted in evidence.

The case has been elaborately argued on that issue and the parties rely on practically the same authorities to sustain their respective contentions. It seems to be conceded on both sides that ballots can not be introduced in evidence to impeach the correctness of the official returns, unless it be shown with reasonable certainty that they have been properly protected and preserved. It is also admitted that the burden of establishing their competency rests upon the party offering to introduce them.

The ballot boxes of the five precincts in contest were delivered to the county court clerk of Lee county after the election and by him were stored in a vault having a combination lock in what is known in the record as the "old clerk's office." That office is separated from the one occupied by the clerk by two walls, between which there is a stairway and under which stairway there is the vault, in which the boxes were placed, opening into the old clerk's office. The door to that office opens into the main hall of the court house and the evidence shows that the door was forced open on two occasions before this contest was filed. When the boxes were stored in the vault the door to the office was locked, but about two weeks after the election the clerk found that the lock had been broken and the office entered. He found some empty bottles in the office and noticed that the combination dial on the vault had been turned. He procured a Yale lock and put it on the door but on the following Monday morning he discovered that the latch attached to the door had been torn off with a piece of the casing and the office again entered, and also that the lever of the vault door had been so turned that the combination could not be worked. It became necessary to send for an expert to open the door. At the trial the presiding judge examined the ballot boxes but found no evidence indicating that they had been molested or that the locks on them had been opened, though it is shown in the evidence that the locks were simple and might have been opened by using a wire or other instrument of that kind. The contestee introduced some of the officers in each of the contested precincts who testified to facts indicating that the ballots were properly tabulated and certified.

The sole question, as we have said, is whether or not the trial court should have opened the ballot boxes and

inspected the ballots with the view of determining whether they should be received in evidence on the issue as to the alleged false tabulation and certification of the votes in the contested precincts.

There can be no difficulty about the law in general as to the right to introduce ballots in evidence. It has been repeatedly held that a recount of the ballots should not be allowed until it is first shown that their integrity has not been invaded since the election—not proved beyond a mere possibility but shown with reasonable certainty. (Edwards v. Logan, 114 Ky. 312; Ottley v. Herriford, 161 Ky. 7; Thompson v. Stone, 164 Ky. 18; Rich v. Young, 176 Ky. 813; Roby v Croan, 177 Ky. 9.) The difficulty is in applying the rule, that is in determining whether the particular facts under consideration justify the inference that the ballots have been sufficiently free from interference to be admissible in evidence or whether there has been such interference or such probability of it as requires their rejection as evidence. And it should be observed here that cases may arise in which that question can not be decided until the ballot boxes are opened and the ballots themselves inspected, and other cases in which their admissibility should be allowed but their evidental effect depreciated.

It is incumbent, as we have seen, upon the party asking for an inspection of the ballots to show that their integrity had not been impaired, but the requirement is reasonable and he should not be compelled to do more than prove circumstances and facts naturally and logically inducive of that inference. If the ballots in these precincts had been merely stored in the old clerk's office we would not hesitate to say that they are inadmissible, but the evidence shows that they were placed in a vault to which there was a combination lock; and while the office itself was broken into on two occasions and there is evidence to show that the combination on the lock to the vault was turned and changed, the inference, in our opinion, is not to be indulged that the ballots themselves became accessible to the parties who forcibly entered the office. It was necessary in order to open the vault to obtain the services of an expert. It is true that the evidence shows that four or five people knew the combination to the lock, only two of whom testified, but we do not consider that it was necessary for contestant to show that the other two or three people did not break into the room and enter the vault. It is safe to assume that they

would not admit that they broke into the office and entered the vault had they done so.

If, when the ballot boxes were examined by the trial judge, it had appeared that they had been molested or opened, it could not be said that the ballots should have been inspected with the view of receiving them in evidence, but there was no indication that the boxes had been opened, and, in our opinion, the trial court should have opened them and inspected the ballots, and if upon inspection they appeared to be legal and regular they should have been received in evidence and given proper effect in arriving at the number of legal votes cast in the five precincts in contest. We do not say in that event that they would be conclusive but that they should have been received in evidence, to be considered with all other evidence relative to the votes cast in those precincts, and also in connection with the proven fact that the room was forcibly entered and the combination lock manipulated, and upon all the evidence the rights of the litigants decided. In view of the forcible entries into the room and the evident manipulation of the lock on the safe, the ballots, though appearing untouched, might or might not be regarded by the court as conclusive. (Thomas v. Marshall, 160 Ky. 168.) But if on opening the boxes they appeared to be regular and legal they were competent and should have been considered together with the other competent evidence in arriving at the number of legal votes cast in the five contested precincts.

On the return of this case, if the ballots in these precincts have been preserved and safeguarded since the rendition of the judgment, the trial court will open the boxes and if the ballots appear to be regular and legal they will be admitted in evidence and considered in connection with all other evidence in determining the claims of the parties to this litigation.

Wherefore, the judgment is reversed and the cause remanded for proceedings not inconsistent with this opinion.