## Lewis v. Hensley.

(Decided March 17, 1931.)

RAY C. LEWIS for appellant.

J. M. MUNCY for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

The parties to this litigation are residents of educational division No. 3, composed of four voting precints in Leslie county, Ky. At an election held November 5, 1929, they were candidates for membership of the board of education of that division of the county. On the 8th day of November, 1929, the board of election commissioners canvassed the returns in that division, determined and certified that the contestee received 120, the contestant received 116, votes. A certificate of election was issued to contestee. On the 16th day of November, 1929, the contestant filed against the contestee a petition setting up his grounds of contest. In it he charges that, in each of the precincts the election officers made a mistake in counting, tabulating, and certifying the returns. In precinct No. 4 he alleged that he received 35, and the contestee 5, votes, but that the election officers certified that he recived 35, and the contestee 7, votes. In precinct No. 5, he received 43, and the contestee 12, votes. The election officers certified that he received 39, and the contestee 16, votes. In precinct No. 19 he received 38, and the contestee 70, votes. The election officers certified that he received 33, and the contestee 85, votes in that precinct. In No. 16 he received 25, and the contestee 8, votes. The election officers counted and certified his vote to be 21

and the contestee 12. He alleges the county commissioners certified the election of contestee on the basis of the returns of the election officers, which were the result of fraud, accident, or oversight. He sought a recount of the ballots. As additional ground of contest, he attacks the petition and the signatures thereto, by reason of which the contestee's name was placed on the ballot. He charges that the petition placing his name on the ballot fails to show the post office addresses and residences of its signers as required by the statute. An answer was filed to the petition November 30, 1929. A reply thereto was filed in the clerk's office on December 7, 1929. The contestee gave notice on the 6th day of January, 1930, that he would take depositions to be read in his behalf. On that date he began to take his own deposition. There appears in his deposition this statement:

"The plaintiff at this point, being the 6th day of January, 1930, announces that he is through in chief."

"R. B. Mosely, Clerk, Leslie Circuit Court. The further taking of depositions is adjourned until tomorrow morning on motion of defendant. R. B. Mosely, Clerk."

On the 16th day of the August term, the 4th day of September, 1930, this action was submitted for trial and judgment. A judgment was rendered declaring the contestant duly elected and canceling the certificate of election of the contestee. On the 18th day of the August term, the 6th day of September, 1930, the contestee filed a motion and grounds for a new trial, affidavits in support thereof, and entered a motion to set aside the judgment entered on the 16th day of the term of court. At the time he entered his motion and filed grounds for a new trial, he entered a motion to suppress the deposition taken by contestant on the 6th day of January, 1930, and filed in the clerk's office on the 7th day of January, 1930. The court granted a new trial, sustained his motion to suppress the deposition, and on a resubmission of the case for trial, on motion of the contestant, opened the ballot boxes and proceeded to, and did, count the ballots in the four precincts comprising the educational division, over the objections of the contestee, and, after so counting the ballots, entered a judgment canceling the contestee's certification of election and adjudging the

contestant elected. From this judgment this appeal is prosecuted by the contestee.

The contestant filed with his petition, as an exhibit, a writing purporting to be a copy of the petition signed by a number of voters, placing the contestee's name on the ballot. This writing is in no way identified or authenticated as the original or as a copy of the original petition, by reason of which his name was placed by the clerk on the ballot as a candidate for membership of the county board of education. The contestee in his answer traversed the allegations of the petition in regard thereto. No testimony was taken or offered relating to it. In the absence of some evidence or some sort of authentication, the writing filed with his petition is incompetent to sustain the allegations made in regard to it.

On this appeal, the contestee, here the appellant, insists that the court properly suppressed the deposition of the contestant, now the appellee, on the ground that, it was not taken within thirty days after the issues were made up, and cites in support of this contention section 1596a-12, Ky. Stats; Lowry v. Stotts, 138 Ky. 251, 127 S. W. 789; McKinster v. Shaffer, 186 Ky. 598, 217 S. W. 676; Newton v. Ogden, 126 Ky. 101, 102 S. W. 865, 31 Ky. Law Rep. 549.

Appellee's deposition was filed in the clerk's office on the 7th day of January. The regular terms of the Leslie circuit court began the third Monday in March and the third Monday in August, following the taking of this deposition. The motion to suppress the deposition was made during the August term of court. Section 587 of the Civil Code of Practice provides that no exception other than to the competency of the witness or to the relevancy or competency of the testimony shall be regarded unless it be filed and noted on the record before the commencement of the trial and before or during the first term of court, after the filing of the deposition.

Waiving the question whether the court erred in suppressing the deposition of the appellee and accepting it, for the purpose of considering the case, as evidence, even if it is admitted, it fails entirely to sustain the grounds of contest. He was not present, he does not claim that he was present, at either or any of the voting precincts comprising educational division No. 3, at the time the ballots were counted, tabulated, or certified by the election officers. The action of the court in opening the bal-

lot boxes and counting the ballots was an error, prejudicial to the substantial rights of the appellant.

"It has been repeatedly held by this court that the certificate of the canvassing board is prima facie evidence of the result of an election, but that the ballots themselves constitute the best evidence, but before a counting of the ballots shall be permitted to overcome the prima facie result of the certificate of the election officers, the one who questions the correctness of the certificate must show by clear and satisfactory testimony that the ballot box has been kept as the statute requires, that the ballots have not been tampered with since the election, and that the ballots offered in evidence are the identical ones cast. Some of the cases so holding are Edwards v. Logan, 114 Ky. 322, 10 S. W. 852, 24 Ky. Law Rep. 1099, 75 S. W. 257, 25 Ky. Law Rep. 435; McEuen v. Carey, 123 Ky. 536, 96 S. W. 850, 29 Ky. Law Rep. 931; Baker v. Dinsmore, 138 Ky. 277, 127 S. W. 997; Pace v. Reed, 138 Ky. 605, 128 S. W. 891; Morgan v. Sparkman, 143 Ky. 27, 135 S. W. 408; Thomas v. Marshall, 160 Ky. 168, 169 S. W. 615; Ottley v. Herriford, 161 Ky. 7, 170 S. W. 205; Thompson v. Stone, 164 Ky. 18, 174 S. W. 763; and Rich v. Young, 176 Ky. 813, 197 S. W. 442. Those cases, as well as that of Roby v. Croan, 177 Ky. 9, 197 S. W. 456, furthermore hold that the burden is upon the contestant to establish the integrity of the ballot boxes as well as their contents in conformity with the above rule." Craft v. Davidson, 189 Ky. 378, 224 S. W. 1082, 1085.

See, also, Phillips v. Kincaid, 194 Ky. 750, 240 S. W. 737. It is suggested in brief that the expense account was not filed as. required by the Corrupt Practice Act (Ky. Stats., secs. 1565b-1 to 1565b-21). This contention overlooks the fact that such failure is not relied on as a ground of contest. Craft v. Davidson, supra.

Applying and following the universal rule that the integrity and virtue of the ballots must be satisfactorily shown by competent evidence before they are competent to overcome the certificate of election issued by the county election commissioners, the judgment is reversed, and cause remanded for proceedings consistent with this opinion.