## Conley v. Rice.

(Decided Jan. 16, 1934.)

FRED HOWES for appellant.
F. P. BLAIR for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

W. A. Conley, Mose Rice, and S. P. King, at the November election, 1933, were candidates for the office of member of the county board of education, district No. 1, Johnson county. The ballot boxes containing the ballots with the stub books and uncounted ballots, were returned by the election officers to the office of the county

court clerk, received and guarded, until the convening of the county election commissioners. They canvassed the returns and counted the ballots, 387 of which, by their count, were cast for Rice, 252 for King, and 381 for Conley. They were preparing to issue a certificate of election to Rice, when Conley filed this action against him, seeking a recount of the ballots in the several voting precincts comprising the district. By answer Rice denied Conley's grounds therefor. The court, after hearing evidence establishing to his satisfaction, the integrity of the ballots, appointed commissioners to canvass, tabulate, and recount them.

The ballots cast for King are not involved, and for this reason we shall not consider them. On the recount by the commissioners appointed by the court, in Muddy Branch precinct, Rice received 76 votes, Conley 39, and 5 ballots were reported "questioned" and not counted. In Bridgeford precinct, Rice, 14; Conley, 26; 6 ballots "questioned" and not counted. Hager Hill precinct, Rice, 52; Conley, 119; 11 ballots "questioned" and not counted. Southside precinct, Rice, 16; Conley, 14; 2 ballots "questioned" and not counted. Staffordsville precinct, Rice, 156; Conley, 26; 18 "questioned" ballots. West Van Lear precinct, Rice, 43; Conley, 130; 6 ballots "questioned" and not counted. In this precinct there were missing 32 ballots. The certificate of the county election commissioners of West Van Lear precinct gave Rice 66 ballots and Conley 127.

There are attached to the clerk's record 48 original ballots; 16 of which were not voted, and the following "questioned" ballots:

| | |
|---|---|
| Bridgeford Precinct | 4 |
| Thealka Precinct | 4 |
| Southside Precinct | 1 |
| Hager Hill Precinct | 7 |
| West Van Lear Precinct | 6 |
| Staffordsville Precinct | 10 |

The contestant, Conley, in his brief, asserts these "questioned" ballots should be counted thus:

| | Conley | Rice | King |
|---|---|---|---|
| Bridgeford Precinct | Conley 1 | Rice 0 | |
| Thealka Precinct | Conley 2 | —— | King 2 |
| Southside Precinct | —— | Rice 1 | —— |
| Hager Hill Precinct | Conley 5 | —— | King 1 |
| West Van Lear Precinct | Conley 3 | Rice 1 | King 1 |
| Staffordsville Precinct | Conley 4 | Rice 1 | —— |

According to Conley's count ot the "questioned" ballots, he is entitled to 15, Rice, 3, and King, 4.

It is shown by a recount, excluding West Van Lear precinct, Rice received 314 votes and Conley 240. Adding to the 314 the 3 ballots Conley concedes Rice is entitled to of the "questioned" ballots, totals 317 votes for Rice; Conley's vote, excluding West Van Lear, by the recount, is 240. Adding to the 240 the 15 "questioned" ballots, which he now claims, gives him 255. It must be noted that 3 of the "questioned" ballots so given to Conley include 3 "questioned" ballots in West Van Lear and one to Rice.

It is admitted that between the time of the making of the tabulation and count by the county election commissioners and the beginning of recount by the commissioners appointed by the court, 32 ballots in the West Van Lear precinct disappeared, and were not present at the time the latter recounted the ballots in all of the precincts. The trial court disregarded the recount of the ballots by the court's commissioners, of all the precincts, because the integrity of those of West Van Lear was not shown to have been protected as required by law, from the time the election commissioners canvassed and counted them until the recount by the court's commissioners. The court properly disregarded the recount of the ballots in West Van Lear precinct. But we are not convinced that, because the integrity of the ballots was not protected in this one precinct, the recount of the ballots in the other precincts, which the evidence clearly shows were properly cared for and protected, as required by law, during the interim, should be disregarded. The county election commissioners' certification of the ballots cast in the West Van Lear precinct was 66 for Rice and 127 for Conley. We have not been furnished with certification of the county election commissioners, showing the results in the other precincts, comprising educational division No. 1. Adding the 66 votes cast for Rice in West Van Lear precinct, as certified by the county election commissioners to the above 317, Rice received 383 votes.

If we add to the above 255, Conley's vote, the 127 certified by the county election commissioners as having been cast for him in West Van Lear precinct, he received 382 votes.

Our examination of the stub book, with the unused

ballots attached, of West Van Lear precinct, discloses there were cast in this precinct 241 ballots. According to the certificate of the election commissioners, in this precinct, the entire number of the ballots used and voted in it is accounted for. The stub book with unused ballots and the certificate of the county election commissioners, showing their tabulation and count of the ballots cast in this precinct, enable us to determine that the ballots reported by the court's commissioners as "questioned" in this precinct, and not counted by them, were counted by the former, and for whom they were cast. It is fair to assume they counted the "questioned" ballots in the other precincts, since an examination of them shows they were stenciled in the same manner as the "questioned" ballots in West Van Lear, which they counted as cast.

Conley urges that the recount of the ballots by the court's commissioners of West Van Lear precinct should control, and the 6 "questioned" ballots therein should be counted, and he should be given 3 and Rice 1 of them. Up to this point, we have given them the benefit of the "questioned" ballots in West Van Lear precinct, although the "unquestioned" and the "questioned" ballots of this precinct must be excluded. For it is an accepted rule that, where ballots are not properly cared for by the custodian to make it absolutely assured they have not been tampered with by interested parties from the time he received them until the recount, the certificate of the county election commissioners, showing for whom they were cast, must prevail.

Deducting the "questioned" ballots of West Van Lear, Rice's vote is 382 and Conley's 379. Conley having sought and obtained a recount of the ballots in all of the precincts, and their integrity having been properly protected, except in West Van Lear, the recount in the other precincts is binding on him, especially in the absence of the county election commissioners' certificate showing their tabulation and count.

Giving Conley all of the "questioned" ballots which he claims, except in West Van Lear precinct, and Rice those to which Conley concedes he is entitled, except in West Van Lear, and adding the number of the ballots respectively cast for them in West Van Lear as certified by the county election commissioners, and also the number of ballots respectively counted for them by the

court's commissioners in the other precincts, it is clear that Rice received a plurality which entitles him to the certificate of election. .

The trial court refused to regard or consider the recount by his commissioners because the ballots in West Van Lear had not been properly protected against the interference of interested parties or 32 of them were missing. The fact he assigned this as the reason for the basis of the judgment does not warrant a reversal when it is fully authorized by the facts.

It is argued by Conley that a brother of Rice participated in the county election commissioner's tabulation and count of the ballots, and; for this reason, the recount by the court's commissioners should prevail over the county election commissioner's certification of the result in West Van Lear. The evidence establishes beyond question that 32 ballots belonging to this precinct were missing. This fact discredits the ballots of that precinct without regard to who participated in the counting of them.

Wherefore the judgment is affirmed.