## STIVERS v. LEWIS et al.

Court of Appeals of Kentucky.

Oct. 9, 1951.

Jesse K. Lewis, Lexington, T. T. Burchell, Manchester, for appellant.

H. H. Owens, Barbourville, Brown & Bird, S. V. Little, and Lewis & Weaver, London, Lyttle & White, Manchester, for appellees.

CLAY, Commissioner.

The recount phase of an election contest is before us. The controversy involves the Republican nominee for Circuit Judge of the 27th Judicial District. The trial Court refused to recount the ballots in Laurel County on the ground that their integrity had not been established.

Following the tabulation after the primary election on August 4, the ballot boxes were returned to the office of the Laurel County Clerk, and were placed in the basement under his office. After the recount proceeding had been commenced someone gained access to the basement by taking out bars and breaking a window, and one of the 38 ballot boxes stored there was physically removed.

The County Clerk testified that several of the ballot boxes were scattered about on the floor or had apparently otherwise been disarranged by the intruder. The remaining 37 were still locked, but the keys to the flap locks on 32 boxes were tied to them, so that the flap locks could have been opened. One box had an unlocked flap lock. A state policeman who investigated the break-in testified that he saw no evidence that the 37 remaining boxes had been tampered with.

It is the firmly established rule that before ballots may be recounted the candidate requesting the recount must show by satisfactory evidence that the integrity of the ballots has been "rigorously preserved."

See Edwards v. Logan, 114 Ky. 312, 70 S.W. 852, 75 S.W. 257; Rich v. Young, 176 Ky. 813, 197 S.W. 442; Wilhoit v. Liles et al., 300 Ky. 564, 189 S.W.2d 851; and Ashcraft v. Edmonson et al., Ky. 242 S.W.2d 635. While acknowledging this principle, appellant contends he sustained the burden of proof, and the fact that one box had been stolen did not destroy the security of the other boxes. He refers to the case of Conley v. Rice, 252 Ky. 370, 67 S.W. 2d 478, wherein we held that even though the integrity of the ballots in one precinct was not shown, the Court could recount the ballots in the other precincts where they had been properly protected. It does not seem this case is at all applicable to the situation being considered.

Perhaps the closest case to the one at Bar is that of Ferguson v. Gregory, 216 Ky. 382, 287 S.W. 952, wherein a box containing stub books had been stolen from the place where the ballot boxes were stored. Even though there was no evidence the boxes themselves had been tampered with, we held their integrity had not been established because not only was there opportunity for unauthorized persons to gain access to the ballots but there was the positive fact that some one had availed himself of such opportunity.

That is the precise situation we have before us. Someone broke into the basement where the ballot boxes were stored. He stole one of them and disarranged others. Whether or not he actually tampered with the ballots in these other boxes is a matter of speculation. He had the opportunity to do so. It would be stretching reason to assume that those ballots were free from contamination, even if upon examination the proper number were in the boxes.

We are constrained to the view suggested by appellant that someone interested in preventing a recount, in this or one of the other political races, deliberately stole the ballot box for the purpose of destroying the integrity of all the ballots in the basement. The act was thoroughly corrupt, whatever its purpose. Perhaps the entire system of safeguarding ballots is wholly inadequate. We cannot, however, charge the winning candidate with the wrongdoing. It is a situation in which one of two innocent parties must suffer.

The winning candidate stands in the better position, and he is under no obligation to re-prove that he was nominated. See Roby v. Croan, 177 Ky. 9, 197 S.W. 456. The losing candidate attacking the count has the burden of satisfactorily showing that the ballots to be recounted are the ones originally cast. In view of their exposure and the attendant circumstances, he was unable to make such showing, and the trial Court properly so ruled.

In the judgment appealed from the trial Court overruled appellant's motion to be permitted to examine the stub books, improperly locked up with the ballots, for the purpose of ascertaining who were legal voters in the Laurel and Clay County precincts. This is a matter affecting the contest phase of the proceeding, and the order does not appear to be final. Without reversing this part of the judgment, we think it proper to express the opinion that appellant's motion should have been sustained.

The judgment is affirmed.

COMBS, J., not sitting.