**V. G. MONROE, Appellant,**

v.

**GRAVES COUNTY BOARD OF ELECTION
COMMISSIONERS, etc., Appellees.**

Court of Appeals of Kentucky.

Sept. 21, 1956.

Robbins & Cross, Mayfield, for appellant.

Martin, Neely & Reed, Mayfield, for appellees.

CLAY, Commissioner.

This suit involves a petition for a recount of ballots cast in a magistrate's race in the 7th Magisterial District of Graves County. The trial court denied the recount

on the ground that the integrity of the ballots had not been satisfactorily shown as required by KRS 122.060.

This story has two parts. The first part covers a period of about two weeks when the 57 boxes containing the ballots of all Graves County's precincts, including the seven precincts in dispute here, were successively in the custody of the Election Commission, the County Court Clerk, and the Circuit Court Clerk. The second part covers a very short period when the boxes were being transferred from the Circuit Clerk's office to a bank vault for further safekeeping pending a possible appeal in this case.

The major portion of the evidence relates to the steps taken during the first two weeks after the election to maintain the integrity of the ballots.

The following facts were brought out. The ballot boxes had four locks on them; three were on one side, and a fourth (called the vent-flap lock) was on the opposite side. The three election commissioners each had one key that would fit one of the locks on each box. The keys to the vent-flap locks were in the possession of the County Court Clerk. The election commissioners, although not willing to state absolutely, said that to the best of their knowledge all locks were in place and secured when the boxes left their custody. However, after the boxes were in the custody of the County Court Clerk, a lock on one box was discovered not to be secured.

During this two week period the boxes were under constant watch except for short periods of time and during two nights when they were locked in the County Court Clerk's office. It was brought out that at least six people had keys to the office.

After hearing this evidence the trial court determined that the integrity of the ballots had not been maintained and denied a recount. However, before judgment had been entered in the case, other evidence of tampering was discovered and this was put into the record.

When the seven ballot boxes were being transferred from the Circuit Court Clerk's office to the bank, it was discovered that all three locks were open on one box, that one lock was open on each of three other boxes and that the vent-flap lock on still another was open. This additional evidence served to strengthen the resolve of the trial court to deny a recount.

On this appeal, the appellant vigorously contends that the trial court erred in refusing a recount. At the least, it is argued, the court should have opened the boxes and inspected the contents for possible tampering before passing on the question of whether the integrity of the ballots had been maintained.

KRS 122.060 authorizes a recount where the integrity of the ballots is "satisfactorily" shown. The sole question here is whether the showing made by the appellant here is a "satisfactory" one.

The general rule concerning the degree of proof and the burden of proof in cases of this nature is set out in Combs v. McKenzie, 289 Ky. 360, 158 S.W.2d 938, 940:

"While the burden is on the contestant to establish the integrity of the ballots, the requirement in that respect must be reasonable, and it is incumbent upon him only to prove circumstances from which a logical inference can be deduced that the ballot boxes and their contents have not been disturbed."

The appellant contends that he has met his burden and he cites cases applying the rule set out above to prove his point. Roby v. Croan, 177 Ky. 9, 197 S.W. 456, is cited to show that a recount may be had where neither guards *nor* a securely locked room have been employed to insure the integrity of ballots. Wilhoit v. Liles, 300 Ky. 564,

189 S.W.2d 851, is cited to show that this Court has recognized that locks sometimes "act capriciously", and that the fact that a lock is found unlocked does not necessarily preclude a recount.

The original evidence introduced in the case may be properly said to have raised only a suspicion that the boxes had been tampered with. The rule is that where such is the case the contents of the boxes should be examined and the evidence derived from such inspection should be considered by the court in determining whether a recount shall be allowed. Phillips v. Kincaid, 194 Ky. 750, 240 S.W. 737; Conley v. Rice, 252 Ky. 370, 67 S.W.2d 478. While the trial court may well have been justified in inspecting the boxes, on the basis of what was shown prior to the time they were to be transferred from the Circuit Clerk's office to the bank vault, the second part of our story now becomes of importance. The additional evidence in the case definitely showed that the boxes had been tampered with. The suspicion of tampering was no longer the controlling consideration of the case, and we have found no authority for requiring inspection where there is both evidence of opportunity and actual tampering.

It is finally argued that even if the integrity of some of the seven ballot boxes had not been established, the court should have allowed a recount as to those boxes which remained fastened with all locks intact. The cases of Land v. Land, 244 Ky. 126, 50 S.W.2d 518; Conley v. Rice, 252 Ky. 370, 67 S.W.2d 478; and Combs v. McKenzie, 289 Ky. 360, 158 S.W.2d 938 are cited as authority.

In Conley v. Rice, supra, it was said, at 67 S.W.2d 479:

"But we are not convinced that, because the integrity of the ballots was not protected in this one precinct, the recount of the ballots in the other precincts, *which the evidence clearly shows were properly cared for and protected,* * * * should be disregarded." (Emphasis ours.)

The emphasized portion of the above quotation would seem to take this case outside the rule of Conley v. Rice, 252 Ky. 370, 67 S.W.2d 478. The evidence in this case does not show that the other boxes were "properly cared for and protected". In addition, a recount of the remaining boxes could not constitute an accurate determination of who was actually elected.

In Stivers v. Lewis, Ky., 242 S.W.2d 859, where an intruder gained access to the room where ballot boxes were stored, and carried off one of the thirty eight boxes, although there was testimony that none of the remaining thirty seven boxes appeared to have been tampered with, this Court sustained the action of the lower court in refusing a recount of the thirty seven precincts.

As in all cases of this sort, we are quite disturbed by the flagrant violation of the rights of the public and the candidates to have the results of an election fairly and properly ascertained by a judicial recount. However, the hands of the court are tied where it does not appear with some degree of certainty that the ballots to be counted are all of those and only those lawfully cast in the election. Even if we were inclined to do so, we cannot in law or equity properly declare the election void on a petition to recount. The objective of such a suit is simply to determine the accuracy of the work of the canvassing board. Hogg v. Howard, Ky., 242 S.W.2d 626. As was the trial court, we are forced to leave the parties where we found them because there is no possible way of making an accurate recount unless we are reasonably certain that the boxes contain all of the ballots actually cast. This we cannot be sure of under the circumstances shown in this case.

There is a final error claimed by appellant concerning the failure of the trial court to make adequate findings of facts. The

lower court's findings are embodied in a "Memoranda Opinion" and a "Supplementary Memoranda Opinion". If we were to concede the "Memoranda Opinion" was inadequate, any defect in it was cured by the "Supplementary Memoranda Opinion".

The judgment is affirmed.