FLETCHER P. PRIVETT v. T. H. STEVENS, *et al.*

1. IRREGULAR RETURNS; *Valid Election.* Where the judges and clerks of an election make out their returns on separate pieces of paper, and then, without attaching them together in any manner, simply fold them together, and return them to the county clerk, as provided by law, *held*, that this irregularity will not invalidate the returns of even the election precinct where the irregularity occurs, and it will certainly not invalidate an entire election in a county where there are nine election precincts.

2. SHERIFF, *Eligible Candidate for; Canvass of Returns.* Where a candidate for the office of sheriff had previously served in the rebel army, but not voluntarily, *held*, that such service will not render him ineligible to hold the office; and further, *held*, that the question, whether he is ineligible for any such reason, is not a question for a mere election canvassing board to determine.

*Original Proceedings in Mandamus.*

ON the 4th of January, 1881, on the petition of *Fletcher P. Privett,* an alternative writ of mandamus was issued out

of this court, and directed to *T. H. Stevens, F. B. Singer,* and *J. W. Clehouse,* commissioners of Harper county, and *H. O. Meigs,* county clerk thereof, commanding the said commissioners, as a canvassing board, to meet on the 18th day of January, 1881, at the office of the county clerk of that county, and then and there to canvass the returns of the election held therein November 2, 1880, for the office of sheriff thereof, and declare the result of such election, or show cause, etc. The defendants answered, showing cause. The facts are stated in the opinion filed May 3, 1881.

*Grove & Shepard,* for plaintiff.
*Davis & Jetmore,* for defendants.

The opinion of the court was delivered by

VALENTINE, J.: This is an original action of mandamus, brought in this court by Fletcher P. Privett against T. H. Stevens, F. B. Singer and J. W. Clehouse, the county commissioners of Harper county, Kansas, and H. O. Meigs, the county clerk of said county, to compel them to canvass certain election returns. The plaintiff claims that, at the November election, in 1880, he was duly elected to fill a vacancy in the office of sheriff of said county; and claims that the defendants, without any legal excuse therefor, have persistently refused to canvass the returns of such election. An alternative writ of mandamus was issued from this court and served upon the defendants, who made their return thereto. A trial was had, and from the facts admitted and proved, and from the briefs and arguments of counsel, it appears that the only grounds upon which the defendants rely as a justification or as an excuse for not canvassing such election returns are, that there were certain irregularities in the returns, and that the plaintiff is not eligible to hold the office of sheriff. These grounds, we think, are not sufficient. That there was a vacancy in the office of sheriff, that an election was held to fill such vacancy, and that the plaintiff received a majority of all the votes cast at such election, do not seem to be seriously

questioned; but whether questioned or not, all these facts were sufficiently proved. The only questions, then, for us to consider are those concerning the alleged irregularities, and the alleged ineligibility of the plaintiff.

I. With reference to the returns from nearly all the townships in said county, there were no irregularities; or, at most, none that are supposed to be material. The returns from only two or three of the townships are supposed to be so materially irregular or defective as to render the returns invalid; but, as we think, even the irregularities in these returns are not material. The principal irregularity complained of is, that the returns from one or two or three of the townships were made out on separate pieces of paper, and that these pieces of paper were not in any manner attached to each other. This is, partially at least, true; but these separate pieces of paper were folded together by the judges and clerks of the election, and in that condition put into an envelope, and the envelope sealed up, and all returned in that condition to the county clerk. Now the failure to attach these pieces of paper together, was certainly a very slight irregularity. It should not invalidate the election. It should not invalidate even the returns from the townships in which the irregularity occurred. And it certainly should not invalidate the returns from all the other townships, and townships where no such irregularity occurred. But even if such an irregularity would invalidate the returns from the township in which the irregularity occurred, still that would be no excuse for refusing to canvass the returns from other townships where everything was regular. This excuse for refusing to canvass the returns of the election of 1880 is certainly pretty thin.

II. The other ground upon which the defendants refused to canvass the returns is, that the plaintiff voluntarily entered and served in the confederate army during the war of the rebellion. Now the evidence does not show that the plaintiff *voluntarily* served in the rebel army, or that he *voluntarily* aided or abetted the war of the rebellion in any manner whatever. Besides, this is not a question for a board of canvassers

to determine. They are merely ministerial officers, and it is their duty to canvass the returns as they find them, and to declare the result of such canvass; and whether the parties voted. for are eligible or not, is a question to be determined by some other tribunal. If the plaintiff is really ineligible to hold the office, it will be time enough. to consider that question after he has received his certificate of election, after he has qualified for the office, and when he attempts to get possession thereof. We think this ground for the refusal to canvass the returns is also insufficient. Judgment will therefore be rendered in favor of the plaintiff and against the defendants, and a peremptory writ of mandamus will be issued to compel the defendants to canvass said election returns.

All the Justices concurring.