## Petry v. Hatcher et al.

(Decided Sept. 24, 1935.)

HILL & HOBSON for appellant.

BOND & BOND for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Affirming.

At the regular primary election held on August 3, 1935, there were five candidates for the Democratic nomination for Representative. According to the vote as counted, canvassed, and certified by the election commissioner of Floyd county, J. J. (Jimmy) Hatcher received 2,432, Mel Petry 2,422 votes, and all the other candidates a less number.

In due time, Petry instituted this action, contesting Hatcher's nomination on various grounds, and asked for a recount of the vote, alleging that by fraud or mistake on the part of the election commissioners more votes were counted, tabulated, and certified for Hatcher than he actually received, and less votes were counted, canvassed, and certified for contestant than he received; that an accurate, fair, and impartial recount of the bal-

lots would reveal that contestant received more legal votes than any of the other candidates. The election commissioners were made parties defendant.

Contestee filed answer consisting of a general denial, also a counter contest on various grounds; however, before answer was filed, he moved the court to quash the summons and the return made thereon by the sheriff to whom it was directed on the ground that he was a party to the action. This motion was overruled.

After hearing the evidence concerning the integrity of the ballots, the court ordered the ballot boxes brought into the courtroom, where they were opened and the ballots inspected and a recount was had. With the exception of a few ballots called in question, the chancellor found the count of the commissioner to be correct in all except three precincts. In Prestonsburg precinct No. 1 the recount showed that contestant received 16 votes and contestee 82, but upon an examination of the ballots it was found that only the initials "C. C." were signed on the line provided for the signature of the judge, and that on the line where the clerk's name should appear were the initials "T. Y. M.," and for this reason it was adjudged that this precinct be disregarded and not counted.

In Prestonsburg precinct No. 2 there were 25 ballots marked for contestant and 62 for contestee, but on an inspection of the stub books and a count of the ballots in the box it was found that there were 25 ballots less in the box than were removed from the stub book. It was therefore adjudged that the vote in this precinct be disregarded and not counted for either party.

In Wayland precinct No. 25 39 votes for contestant signed on the back by both the clerk and the judge of the election were not questioned. There were 229 ballots in this precinct marked for contestant which were signed by the clerk of the election and the name "Pow" appeared on the back of the ballots on the line where the judge of the election should have signed. Four ballots for contestee bore the signature of the clerk and the word "Pall" was written on the line provided for the signature of the judge. Three ballots cast for contestee were properly signed on the back by the clerk and a judge of the election, and fourteen ballots cast for him were signed by the clerk of the election, and on the line

provided for the signature of the judge the word "Pow" appears. It was adjudged by the court that 229 ballots above referred to as voted for contestant be disregarded and not counted for him on the ground that they were not signed on the back as required by law. It was further adjudged that, after disregarding the entire vote in Prestonsburg precincts No. 1 and No. 2 and the 229 ballots cast for Mel Petry in Wayland precinct No. 25, contestant received 2,129 and contestee 2,266 votes, or a majority of 137 over contestant; that, upon the face of the ballots, contestee received a plurality of the votes cast in the primary election, and was and is entitled to the Democratic nomination for the office of Representative. The members of the county board of election commissioners were directed to reassemble and issue to contestee a certificate of nomination.

From this judgment contestant is prosecuting this appeal, and contestee's motion for a cross-appeal has been sustained, but contestant has entered a motion that the order sustaining the motion for cross-appeal be set aside and that no cross-appeal be granted for reasons set forth in a brief.

As we view the matter, a proper determination of this appeal turns on the propriety of the chancellor's judgment concerning the vote in Wayland precinct No. 25, and that determination calls for a construction of section 1460, Kentucky Statutes, as amended by chapter 82, sec. 1, Acts of 1932. The pertinent portion of section 1460 as amended reads:

"There shall also be printed on the back of the ballot a blank line followed by the word 'judge,' and after the ballot has been detached from the stub in the book of ballots and before the ballot is delivered to the voter to be voted one of the judges shall sign his name on such blank line and no ballot not so signed by one of the judges shall be counted by the canvassing board whose duty it is to certify the results of the election."

This court has heretofore been called upon to construe this section of the statute as amended, and in the recent case of Johnson v. Caddell, 250 Ky. 640, 63 S. W. (2d) 810, 813, the court entered into an extensive discussion of the purpose and effect of the amendment of 1932, and reference to that opinion saves reiteration

and further discussion of that question. In summing up in that opinion, it was said:

> "We are thus led to conclude, out of a full regard for the worthy purpose here aimed at by the statute, in requiring the writing of his name [rather than only his initials] by a judge of the election on the ballot, with the intent to safeguard its identity and sure authentication, is best realized and effectuated through holding that the required signing of the judge's name upon the ballot should mean, and does here mean, the writing by him of his full name, or at least of his initials and surname, therein. This construction of the statutory provision, we conceive, is best calculated to secure and safeguard the integrity of the ballot contemplated in its enactment."

George Pow was one of the judges in Wayland precinct No. 25, and started out by affixing or causing his full name to be affixed on the line provided for the signature of the judge, but decided that, on account of the large number of voters, time would be saved by merely signing his surname "Pow." This he did or directed others to do for him. Some of the officers misunderstood the name and wrote it "Pall" on some of the ballots. As pointed out in Johnson v. Caddell, supra, the provision of the statute in question is mandatory and must be strictly complied with.

It is urged, however, by counsel for contestant, appellant here, that the quoted excerpt from the opinion in that case indicating that the purpose of the statute can best be effected by the judge writing his name in full or at least his initials and surname on the line provided for the signature of the judge is dictum, since the court is only required to determine whether merely affixing the initials of the judge would meet the requirements of the statute. We do not view the question in this light, since the court was called upon and did determine what was necessary to meet the requirement of the statute. But, be that as it may, we now conclude and hold that there must be a strict compliance with the statute, as amended, and anything less than the full name of the judge or his surname and initials does not comply with its requirements. The court therefore correctly refused to take into consideration in the count in

Wayland precinct No. 25 the ballots which were not signed by the judge as above indicated. This conclusion renders it unnecessary to consider questions concerning other precincts or other ballots called in question or to determine any other grounds urged by either party.

Judgment affirmed on both original and cross appeals.

Whole court sitting.