STATE EX REL. STONE, RELATOR, *v.* DISTRICT COURT
ET AL., RESPONDENTS.

(No. 7,655.)

(Submitted December 10, 1936. Decided December 19, 1936.)

[63 Pac. (2d) 147.]

516

*Messrs. Ford & Fitzstephens,* for Relator, submitted a brief; *Mr. Joseph D. Fitzstephens* argued the cause orally.

*Mr. Louis P. Donovan,* for Respondents, submitted a brief and argued the cause orally.

MR. JUSTICE STEWART delivered the opinion of the court.

Fred J. Stone and A. E. Armstrong were rival candidates for the office of sheriff of Glacier county at the general election held on November 3, 1936. The official canvass of the vote showed a difference of fourteen votes in favor of Armstrong. Within five days thereafter Stone filed his application in the district court for a recount. At the hearing on the application Armstrong appeared and resisted on the grounds that Stone was not a qualified candidate, and that the ballots cast in certain precincts were not delivered to the county clerk in sealed "receptacles." The application was dismissed by the court upon the ground that Stone was not a qualified candidate for the office, by reason of his having been convicted of a felony in the United States District Court at Great Falls, Montana. Stone is now seeking a writ of supervisory control to review the action of the lower court and compel an order for a recount.

Did the district court err in dismissing the application for recount because Stone had been convicted of a felony in the federal court, and had thereby allegedly lost his citizenship, and, ipso facto, his qualifications as a candidate for public office? We think the court erred in so holding.

Stone made his application for recount under the provisions of Chapter 27, Session Laws of 1935, now sections 828.1 et seq., Revised Codes. These sections deal primarily with the procedure to be followed in the event a recount is allowed, and also detail the circumstances under which a recount may be ordered. The granting of a recount is somewhat discretionary with the district court, depending upon the showing of cause to justify the same.

The sole purpose sought to be accomplished by recount laws such as ours is to determine, in a doubtful case, whether the official canvass of the vote was correct. Furthermore, and logically enough, this recount procedure is expressly available to any unsuccessful candidate for any public office at any general or special election. (Sec. 828.1, supra; see, also, *Monahan* v. *Matthews,* 91 N. J. L. 123, 103 Atl. 40.)

With an understanding as to the express purpose of the Act, it at once becomes obvious that only a limited number of issues can properly be raised in opposition to one attempting to avail himself of its provisions; certainly, the qualifications of a candidate do not fall within that limited class. This point was very aptly explained in the case of *Privett* v. *Stevens,* 25 Kan. 275. That case involved a candidate for the office of sheriff who had previously served in the Confederate Army. He was seeking to have a canvass of the vote made, but his application was denied upon the ground that he was not eligible for the office. In passing upon the question the court used the following language relative to the canvassing board: "They are merely ministerial officers, and it is their duty to canvass the returns as they find them, and to declare the result of such canvass; and whether the parties voted for are eligible or not is a question to be determined by some other tribunal. If the plaintiff is really ineligible to hold the office, it will be time enough to consider that question after he has received his certificate of election, after he has qualified for the office, and when he

attempts to get possession thereof.'' A writ of mandamus was ordered issued to compel the board to canvass the returns.

The situation in the *Kansas case* is comparable to the one here under consideration. The wisdom of the holding is manifest, and is more apparent when considered in the light of the express statutory provisions contained in our Code providing the machinery for election contests. (Secs. 10805 et seq., Rev. Codes; also secs. 659 et seq.) Section 10810, subdivision 2, provides one of the grounds for contest of nomination or office, viz.: ''When the person whose right was contested was not, at the time of the election, eligible to such office.'' Thus it clearly appears that there is an express provision for bringing to issue the eligibility of a candidate for office, and further that the question may be properly adjudicated in an election contest proceeding. The issue has no place in a recount proceeding. The two procedures are different and distinct, and each serves its own purpose. (*Andrews* v. *Carney,* 74 Mich. 278, 41 N. W. 923. See, also, *Layman* v. *Dixson,* 63 Ind. App. 501, 114 N. E. 698; *Williams* v. *Bell,* 184 Ind. 156, 110 N. E. 753; *Monahan* v. *Matthews,* supra; *In re Luzerne County Election Returns,* 301 Pa. 247, 151 Atl. 897, 901.) The distinction is made quite plain in the last-cited case, where it was said: ''A distinction has been drawn in all our Acts of assembly between a contest of an election and a proceeding for recount of votes. In the latter case, even honest errors of law on the part of election officers are not subject to review, but the record alone can be examined on certiorari to determine if a mistake in tabulation has been made. (*In re Plains Township Election Returns,* 280 Pa. 520, 124 Atl. 678.) If the contents of the ballot box are in such condition, or such irregularities appear, as to render impossible a correct count, due to fraud, then the returns of the election officers must be accepted, for the recomputation is not a substitute for a contest in which the legality of the votes actually cast may be passed upon. It will be observed that both in the Acts of 1919 and 1927, supra,

providing for recount, the right to contest, as provided by other acts of assembly, is expressly reserved. This differentiation between the two classes of cases has been carefully pointed out in *In re Plains Township Election Returns,* supra.'' While our Act does not refer specifically to election contests, no violence is done to the provisions of law with relation thereto.

The situation presented here is that Stone was actually a candidate for the office of sheriff; he received the nomination in the primary election and was doubtless given a certificate of nomination by the county clerk; his name appeared on the ballot at the general election, at which time he received 1,621 votes, 14 less than his opponent, as shown by the official canvass. He was the unsuccessful candidate, and in such capacity did just what the law allows him to do— he applied for a recount within the time set by law. His application was dismissed, not because he had failed to show probable cause in his application for the recount or in the hearing thereon, but merely because the court found and determined that he was not a qualified candidate for the office because of a previous conviction in the United States District Court. This was, as we have pointed out, an improper ground for dismissing the application.

We have indicated emphatically that the district court was not in a position to try out the matter of qualifications of the candidate in the consideration of the application for an order of recount. This court is in no better position here in that respect. The question of qualifications as involved in the matter of citizenship—or rather alleged loss of citizenship by reason of his having been convicted of a felony in the United States court—is an important question, too important to be decided as a collateral issue in such an informal proceeding as an application for recount of ballots. While we have no thought of discussing the matter at length, much less of deciding it here, we do not deem it out of place to remark that the subject tenders a question not easily answered. (See 15 Attorney General's Opinions, No. 491, p. 336; *State v. McDonald,* 164 Miss. 405, 145 So. 508, 86 A. L. R. 290;

*Webb* v. *County Court of Raleigh County*, 113 W. Va. 474, 168 S. E. 760.)

The fact that Stone alleged in his petition that he was a qualified candidate does not affect the matter. The statute says that ''any unsuccessful candidate'' may have the relief provided. The petition showed the necessary qualifications.

The issue involving the delivery of the ballots to the county clerk seems to have been lost in the heat of the argument over the other question. In any event, there is not enough in the record to enable us to pass upon that question intelligently. Such facts as are shown by the record do not impress us.

A writ of supervisory control should issue to the district court directing that the hearing of the application proceed in accordance with what is said in this opinion, and without relation to the question of qualifications of candidates.

Let the writ issue.

ASSOCIATE JUSTICES MATTHEWS, ANDERSON and MORRIS concur.

MR. CHIEF JUSTICE SANDS, being absent, did not hear the arguments and takes no part in the above decision.