## Berndt v. Fitzpatrick et al.

Sept. 28, 1945

Sawyer A. Smith and Howell W. Vincent for appellant.

O. M. Rogers and Rodney King for appellees.

OPINION OF THE COURT BY JUDGE SIMS—Affirming.

Henry Berndt and Thomas P. Fitzpatrick were the only two candidates seeking the Democratic nomination for the office of Sheriff of Kenton County in the primary held on August 4, 1945. Fitzpatrick won the nomination by 84 votes and Berndt filed a petition against Fitzpatrick and the County Board of Election Commissioners asking a recount as is provided in KRS 122.060. The recount resulted in Fitzpatrick being adjudged the

nominee by 11 votes. Berndt appeals and Fitzpatrick cross appeals.

Only two precincts are involved on this appeal, "G" and "E" in the Third Ward of the City of Covington. On the recount of precinct "G," Fitzpatrick received 75 and Berndt 29 votes. The court refused to recount "E," where the Canvassing Board certified that Fitzpatrick received 99 and Berndt 41 votes, on the ground that the ballots were not signed by one of the judges of the election in his handwriting but by stencil, and could not be counted under KRS 118.280.

This appeal presents but one question, whether or not in an action for a recount the court may resort to parol and extrinsic evidence in determining whether a ballot is signed by a judge of the election as provided by KRS 118.280. Counsel for Berndt in briefs, and in oral argument, vigorously, and with a considerable degree of plausibility, insist that in a recount case the court must take the ballots as they appear in the box and can not hear evidence in determining whether or not they are signed by a judge of the election; that the court is circumscribed by the same limitations as the Canvassing Board and has no more power than it has to hear proof as to who signed the ballot, but, like the Board, is limited to the ministerial act of counting the ballots.

We have held the statute requiring a judge of the election to sign his name on the back of the ballot before handing it to the voter to be mandatory, Johnson v. Caddell, 250 Ky. 640, 63 S. W. 2d 810; Wurts v. Newsome, 253 Ky. 38, 68 S. W. 2d 448; Brandenburg v. Hurst, 289 Ky. 155, 158 S. W. 2d 420.

After the Hurst case came down, the Legislature amended the statute in 1942, and KRS 118.280 says that no ballot shall be counted which is not "signed in the handwriting by one of the judges;" but it does not say that ballots shall not be counted if not signed by the clerk. This same statute provides that on the back of each ballot there shall be a line designated for the clerk's signature and another designated for the judge's signature.

On the back of each ballot counted by the trial court in precinct "G" appears the signature "C. McGuire" on the line designated for the clerk's signature, but the

line designated for the signature of the judge had nothing written on it.

Over Berndt's objection, Fitzpatrick introduced Mrs. McGuire as a witness and proved by her that she had received notice from the Election Commission on July 19, 1945, that she was to serve as a judge of the election in precinct "G," and the original of this notice is filed as an exhibit with her deposition. The Secretary of the Election Commission, Thomas E. McGill, filed the Commission's list of election officers as an exhibit with his deposition, and Mrs. McGuire's name appears thereon as the democratic judge of this precinct. Mrs. Minnie Ertel, stenographer to the county auditor, filed with her deposition a receipt wherein the officers of precinct "G" acknowledged payment for their services, and Mrs. McGuire's signature appears on that instrument as "judge."

Mrs. McGuire testified that the woman serving as clerk was inexperienced in such matters and as she had previously been an election officer, she, with the consent of the clerk, filled out the primary and secondary stubs, and when she turned the ballots over to sign as judge, she inadvertently signed on the top line designated for the clerk's signature instead of the bottom line where the judge should have signed. She further testified she served as one of the judges of the election in the precinct.

We agree with counsel for Berndt that there is a clear distinction between an action brought for a recount under KRS 122.060 and one brought to contest an election under KRS 122.020, as is pointed out in Wurts v. Newsome, 253 Ky. 38, 68 S. W. 2d 448. In a recount, testimony may not be heard as to the qualifications of the candidate, fraud, bribery, illegal votes or corrupt practices, as they are grounds for a contest and are not directly connected with the counting of the ballots. But in a recount, parol testimony or extrinsic evidence may be heard for the purpose of determining if there is a legal ballot to count. Otherwise, how would it be possible to determine whether the ballot is signed by a judge in his or her handwriting should that question arise in a recount action?

Campbell v. Little, 251 Ky. 812, 66 S. W. 2d 67, was

a recount case where objection was made to certain ballots having distinguishing marks on them in contravention of KS 1569 and 1570 (now KRS 118.320, Subsec. 3). The court heard testimony to the effect that the marks were made when a post-office stamp, used by the clerk of the election in putting the voter's address on the stub, overlapped the ballot. As such marks were made innocently on the ballots, the court allowed them to be counted.

Brandenburg v. Hurst, 289 Ky. 155, 158 S. W. 2d 420, involved both a recount and a contest, as KRS 122.-060 provides the two actions may be joined. The contest branch of the action was continued and the trial judge only heard the recount. The question involved was whether the judge signed his name on the back of the ballot. The court, after hearing testimony, decided that the judge did sign the ballot when his name was written by another in his presence and with his consent. As above stated, this decision led the Legislature to amend the statute in 1942 so as to require the judge to sign in his handwriting, KRS 118.280, but the amendment did not change the rule that parol evidence may be heard, as decided in the Hurst opinion.

It is true that the question of whether parol testimony is admissible to explain an apparent irregularity on a ballot seems not to have been raised in either the Little or Hurst case, but it is difficult to conceive how the court could have determined whether or not the ballots were legal without hearing proof. We are not disposed to say that in passing on the validity of ballots in a recount action a trial judge is limited to the mere ministerial duty of counting the ballots (as Cheatham v. Williams, 212 Ky. 73, 278 S. W. 139, defines such to be the duty of a Canvassing Board) but to give him judicial discretion to hear evidence to determine whether or not the ballot is legal. Since actions for a recount and a contest may be joined under KRS 122.060, it would hardly be logical for this court to hold that in one branch of the action the trial judge possesses only ministerial powers, while in the other he exercises judicial functions.

In holding that the circuit court in conducting a recount under our statute is not acting in a ministerial capacity, we have not run counter to Williams v. Bell, 184 Ind. 156, 110 N. E. 753; State v. Boyle, 206 Ind. 574, 190

N. E. 743, and State v. District Court et al., 103 Mont. 515, 63 P. 2d 147, upon which Berndt so much relies. The Indiana statute, Burns' Ann. St. sec. 29-2101, provides that a candidate may have a recount by three commissioners appointed by the court, two of whom should be of different political parties, and the two Indiana cases hold such a commission has only the ministerial authority of the usual election commission. No appeal is allowed, and the purpose of the Indiana statute is to discover evidence for use in a contest case, so the Bell and Boyle opinions hold. The Montana decision is to the effect that in a recount, the court has no authority to pass upon the candidate's qualifications for the office, since such an issue is not involved in a proceeding asking for a recount of the ballots. With this we agree.

The oath pasted in the back of the ballot book in precinct "G" was not signed by the officers and counsel for Berndt insists that Mrs. McGuire never qualified as a de jure officer and that her actions stamped her as a de facto clerk. We do not know of any law requiring the oath to be taken by an election officer as provided in KRS 116.120 to be reduced to writing, and none has been cited to us. There is nothing in this record to show the officers were not sworn, and in the absence of such a showing it will be presumed they were. Howard v. Unthank, 233 Ky. 579, 26 S. W. 2d 532. We must disagree with Berndt's counsel that the record shows Mrs. McGuire did not qualify as judge but acted throughout the day as clerk of the election, and thereby became a de facto clerk. The presumption is that she qualified as judge, which office she testified she filled, and the fact that she did the writing for an inexperienced clerk and then inadvertently signed her name on the line designated for the clerk's signature, instead of that designated for the judge's signature, does not make her a de facto clerk.

Having reached the conclusion the trial court made no error in the manner in which it conducted the recount in precinct "G," we deem it unnecessary to determine whether it erred in throwing out precinct "E" which Fitzpatrick carried by 56 votes. If precinct "E" had been counted it would have not affected the result but only increased Fitzpatrick's lead.

The judgment is affirmed on the appeal, and the cross-appeal is not considered.