# Allen v. Sturgill, Sheriff, et al.

.September 23, 1949. .

Rehearing denied October 21, 1949.

Joe Hobson and Edward L. Allen for appellant.

J. C. Cornett, Cordell H. Martin and Clark Pratt for appellees.

STANLEY, COMMISSIONER—Affirming.

In this primary election recount proceeding the question is whether the court should consider the ballots cast in a precinct where undisputed evidence disclosed a vicious stuffing of the box.

In the race for the Democratic nomination of clerk of the Floyd County Court the returns showed Duran Moore received 2,253 and Jarvis Allen, 2,176 votes. Five others received fewer, ranging from 1,621 to 864. Allen instituted this recount proceeding. After the ballots in eight precincts had been counted, without any substantial change, the plaintiff objected to the counting of the ballots purportedly cast in Kennedy precinct and introduced evidence to support his challenge of validity. The returns in that precinct were Moore, 152, and Allen, 51 votes. The stubs showed that the first 19 voters had cast their ballots alphabetically, in the exact order in which they were listed on the registration records; also that two of these persons were dead and others were

nonresidents of the state. It was shown altogether that 17 nonresidents of the state and 13 nonresidents of the county or precinct had voted there. Upon this revelation the plaintiff, Allen, by amendment withdrew his request for a recount of the ballots in the other precincts of the county and rested his case upon his claim that Kennedy precinct should be thrown out. The result in that event would be that he received a majority over Moore. The circuit court ruled that this evidence of fraud and corruption could not be considered in a recount proceeding and accordingly counted all the ballots. Moore was thereupon declared entitled to the nomination.

The appellant, Allen, relies upon Berndt v. Fitzpatrick, 300 Ky. 484, 189 S. W. 2d 678, particularly upon the statement that in an action for a recount of ballots the judge is not limited to the mere ministerial duty of counting the ballots but has judicial discretion to determine whether a ballot is legal. The facts to which that declaration of law was applied not only confine it but confirm the ruling of the trial court that it is not applicable in this case. In the Berndt case several ballots did not bear any name on the line designated for the signature of a judge of the election. We held it competent to prove that a judge of the election had signed the ballot but had inadvertently signed it on the line designated for the clerk's signature. The decision related to the validity or legal efficacy of the paper itself, the statute specifically declaring that a ballot not signed by a judge of the election shall not be counted. KRS 118.-280. The opinion expressly confirms the consistent ruling of the court that in a recount proceeding evidence may not be heard concerning fraud in the election or ineligibility of the voters who may have cast the ballots. The remedy in such a case is a contest of the election and not a mere recanvass of the ballots cast.

The judgment is affirmed.