## Stevens et al. v. Coleman.

November 1, 1949.

Thomas D. Theobald, Jr. and Hubert Counts for appellant.

H. R. Wilhoit for appellee.

JUDGE HELM—Affirming.

Appellant, Evelyn Jarvis, and appellee, Harold

Coleman, were candidates for the Republican nomination for County Court Clerk of Carter County. The tabulation of the election commissioners—W. E. Stevens, T. H. Holbrook, and G. H. Templeton—named as appellants here, showed 1659 votes for appellee, Coleman, and 1659 votes for appellant, Jarvis.

Appellant filed a "petition requesting recount of ballots." The regular judge having disqualified, by agreement of the parties Honorable A. W. Mann was selected as special judge. Upon the recount, Judge Mann found "and adjudged * * * that the plaintiff, Harold Coleman, received a majority of nine votes over the defendant, Evelyn Jarvis, and that he is entitled to the nomination by the Republican party for the office of County Court Clerk of Carter County." The election commissioners were directed to reassemble and issue to Coleman a certificate of nomination. Mrs. Jarvis, appellant, prosecutes this appeal.

Appellee moves to dismiss the appeal because: (1) The statement of appeal does not designate the date on which the judgment was rendered; (2) appellant has failed to file in this court any sufficient supersedeas bond; and (3) the election commissioners are not proper parties here.

The statement of appeal shows: "The parties to this appeal are as above captioned. The judgment appealed from was rendered by the Carter Circuit Court on Page 22 of the record." The election commissioners are not necessary or proper parties here, but Evelyn Jarvis, the appellant, is named in the caption of the statement of appeal as an appellant. While the commissioners should not have been named as appellants, the fact that they were is not ground for dismissing the appeal.

The date of the judgment is not set out in the statement of appeal, but by turning to Page 22 of the record, we find the judgment of the trial court and that it was entered on September 1, 1949. The record was filed here September 9, and within ten days, as provided by KRS 122.060. We are not disposed to hold this a fatal error, but counsel should acquaint themselves with the provisions of Civil Code of Practice, section 739, and section 1.120, Rules of the Court of Appeals.

On Page 25 of the transcript of record, we find a supersedeas bond filed by appellant, with R. T. Burchett as surety, providing that appellant will pay to appellee all costs and damages that may be adjudged against the appellant on the appeal. This copy of the bond is duly certified as part of the transcript of record by the Clerk of the Carter Circuit Court. Bonds are usually entered in a permanent, bound book. That appears to have been done in this case by the Clerk of the Carter Circuit Court. This procedure seems to be in substantial compliance with KRS 122.060(2).

Eighteen ballots have been brought with the record to this court. We have examined these ballots carefully. They appear to have been correctly counted by the trial judge. From the record, it seems that all of the ballots counted had the names of the precinct judges signed on the back of the ballots. However, on a number of the ballots in several of the precincts, the name of the judge appears to have been signed in his presence by one of the other election officers at his direction. If the voters of such ballots are disfranchised and their ballots not counted, appellant would have a majority of the votes.

The special judge, in a written opinion, said: "* * * the court feels that he should hold that the ballots cast in this race * * * and signed for the judge by the clerk or other officer in his presence, and at his direction * * * and in * * * absence of any testimony to show any lack of good faith, I feel * * * I should hold that those ballots were properly signed and that Mr. Coleman has received the nomination. * * * if the Legislature intended to make it strictly mandatory * * * that the judge at the election should sign his own name in his own handwriting, * * *

the law as enacted by the Legislature and * * * edited by the Statute Revision Commission justifies the court in holding that in all probability they have not succeeded in enacting the law with that degree of precision necessary to change the ruling that heretofore existed."

In Chapter 169, section 1, subsection (4), Acts of 1942, it was provided: "* * * the clerk shall sign his name on the line designated * * * and one of the judges shall sign his name on the blank line designated for the judge's signature, and no ballot, not signed in the handwriting by one of the judges shall be counted * * *."

But in section 3 of the same Act, it was provided: "If the Kentucky Revised Statutes are enacted at the present session of the General Assembly, then, * * * subsection (4) of section one of this Act shall stand repealed and subsection (1) of KRS 118.280 shall be treated as amended to read as follows: '* * * The clerk shall then detach the ballot, * * * sign his name on the line designated for the clerk's signature and deliver it to one of the judges who shall sign his name on the blank line designated for the judge's signature. No ballot not so signed by one of the judges shall be counted by the canvassing board.' " Later in that session, the General Assembly did enact the Kentucky Revised Statutes. Section 118.280 is in the wording of section 3, chapter 169, Acts of 1942, as above quoted. This is in substantially the same phraseology as Kentucky Statutes, section 1460, since the amendment of 1932, Acts of 1932, ch. 82.

As the special judge points out in his opinion, the Statutes Revision Commission, in editing and preparing the 1942 edition of Kentucky Revised Statutes, inserted the words "in the handwriting," appearing in subsection (4), section 1, chopter 169, Acts of the General Assembly, so that that part of section 118.280 now reads: "The clerk shall then detach the ballot, * * * sign his name * * * and deliver it to one of the judges who shall sign his name on the blank line designated for the judge's signature. No ballot not so signed in the handwriting by one of the judges shall be counted by the canvassing board. * * *"

It is to be noted that the words inserted are not in *his* handwriting, but "in *the* handwriting." It is difficult to determine the effect of the inserted words "in the handwriting," but, whatever it may be, in view of the wording of section 3 of chapter 169 above quoted, and of the original wording of section 118.280 of the original Act of 1942 revising the statute laws of Kentucky, above quoted, which followed the above section 3 of chapter 169, we do not believe the Statute Revision Commission was authorized by KRS 447.110 to edit KRS 118.280 as originally enacted by adding the words "in the handwriting." That being true, we adhere to our former rulings; namely, the requirement that one of the judges sign his name on the back of the ballot is

mandatory. Campbell v. Little et al., 251 Ky. 812, 66 S. W. 2d 67; Brandenburg v. Hurst, 289 Ky. 155, 158 S. W. 2d 420. But an election judge may delegate to another officer of the election the signing of the judge's name on the ballots. Brandenburg v. Hurst, supra; Ledford v. Hubbard, 219 Ky. 9, 292 S. W. 345.

We believe the trial judge reached the correct conclusion. The judgment of the circuit court is affirmed.