HOGG v. HOWARD et al.

Court of Appeals of Kentucky.

Sept. 28, 1951.

---

R. Kent Sampson, Harlan, Smith, Reed & Leary, Rudy Yessin and Joseph J. Leary, Frankfort, for appellant.

J. C. Baker, Harlan, A. E. Funk, Jr., Middlesboro, for appellees.

CULLEN, Commissioner.

This is an appeal from a judgment in an election recount proceeding.

Astor Hogg and Bert O. Howard were candidates in the 1951 primary election for the Republican nomination for the office of circuit judge in the 26th judicial district, which is composed of Harlan County. The county election commissioners certified that Howard won the nomination by 47 votes. Hogg thereupon instituted a recount proceeding, under KRS 122.060, in the Harlan Circuit Court.

The recount was commenced, and the ballots from 31 precincts were recounted without any change in the results. The ballots for Hiram Precinct were then brought in to be recounted. In this precinct, on the original count, Howard had received 77 votes and Hogg had received 3. When the ballot box was opened, Hogg objected to the counting of the ballots in the box on the ground that they were not legal ballots, and he offered parol evidence to show that the name of the judge of the election appearing on the back of each ballot had not been written by the judge in person, but that the clerk of the election had signed the judge's name. This evidence was admitted over Howard's objection. Howard, apparently relying on Stevens v. Coleman, 311 Ky. 313, 224 S.W.2d 149, then introduced parol evidence to show that the clerk signed the judge's name with the consent and in the presence of the judge. Hogg then offered evidence, which again was admitted over Howard's objection, to show that neither the clerk nor either of the judges of election had been legally appointed or designated, that none of the election officers had taken the oath required by statute, and that the sheriff of election further was not qualified because he could not read nor write.

At this stage of the proceeding the parties stipulated that they would accept the original count in the remaining precincts, and pitched the case on Hiram Precinct alone. Obviously, if the votes in Hiram Precinct were not counted, Hogg would win; otherwise Howard would remain the victor.

The trial judge, without written opinion setting forth his reasons, determined that the ballots in Hiram Precinct should be counted, and entered judgment directing that Howard be issued the certificate of nomination. From this judgment Hogg has appealed.

The Court is faced squarely in this case with the question of the extent to which, in an election recount proceeding, parol evidence is admissible concerning the legality of the ballots. An analysis of the prior decisions of the Court on this question indicates some elements of inconsistency, thus suggesting the desirability of a thorough reexamination of the question.

In Wright v. Crase, 273 Ky. 76, 115 S.W. 2d 318, 321, in discussing a contention that parol evidence should have been admitted, in a recount proceeding, to show that the judge's name was signed on the back of the ballots by an unauthorized person, the Court said: "It may be doubted, but not now decided, that this contention is one not properly raised under the recount statute, but should be subject to a contest, . * *."

Prior to the Wright case, in Campbell v. Little, 251 Ky. 812, 66 S.W.2d 67, it had been held that ballots having a peculiar ink mark on the margin were entitled to be counted, in a recount case, where the testimony of the election officers showed that the mark was made inadvertently when a rubber stamp was used to stamp the voter's address on the stub. However, the question of whether such testimony was admissible in a recount case was not discussed, the Court seeming to have assumed that the testimony was admissible.

Subsequent to the Wright case, in Brandenburg v. Hurst, 289 Ky. 155, 158 S.W.2d 420, it was assumed, again without discussion, that parol evidence could be admitted in a recount case to show that the name of the judge of election appearing on the back of the ballots was not signed by the judge in person, but by one of the other election officers.

In Adams v. Helton, 295 Ky. 326, 174 S.W.2d 406, which was decided a little over a year after the Brandenburg case, a recount proceeding was joined with a contest proceeding, and in connection with the recount phase of the proceeding the lower court held that the ballots could be considered only on their face and that no explanatory evidence could be introduced, but that this ruling would not prejudice the right of the parties to introduce evidence, in the contest phase of the proceeding, as to irregularities affecting the ballots. On the appeal, this Court did not question the correctness of the ruling of the lower court in barring oral testimony in the recount proceeding.

Finally, in Berndt v. Fitzpatrick, 300 Ky. 484, 189 S.W.2d 678, 679, this Court expressly held that oral testimony was admissible in a recount proceeding to show that the name appearing on the back of the ballots in the line designated for the clerk's signature actually was the name of the judge of election, and that the judge inadvertently had signed on the wrong line. In so holding, the Court said that parol testimony or extrinsic evidence may be heard, in a recount proceeding, "for the purpose of determining whether there is a legal ballot to count." The Court further said that the trial judge in a recount proceeding is not limited to the mere ministerial duty of counting the ballots, but has judicial discretion to hear evidence to determine whether or not the ballot is legal.

In Allen v. Sturgill, 311 Ky. 17, 223 S.W.2d 164, the contention was made by counsel that the Berndt case was authority for admitting evidence, in a recount case, as to illegal voting and ballot-box stuffing. The Court rejected this contention, saying: "The decision (in the Berndt case) related to the validity or legal efficacy of the paper itself, the statute specifically declaring that a ballot not signed by a judge of the election shall not be counted. KRS 118.280. The opinion expressly confirms the consistent ruling of the court that in a recount proceeding evidence may not be heard concerning fraud in the election or ineligibility of the voters who may have cast the ballots. The remedy in such a case is a contest of the election and not a mere recanvass of the ballots cast."

The most recent case involving the question under consideration is Stevens v. Coleman, 311 Ky. 313, 224 S.W.2d 149, in which the Court again assumed, as it did in the Brandenburg case, that parol testimony was admissible in a recount proceeding to show that the name of the judge appearing on the back of the ballots was not signed by the judge in person, but by one of the other election officers.

From the foregoing resume of the cases, it appears that only in the Berndt case has the Court expressly held that parol testimony concerning the legality of the ballots is admissible in a recount proceeding, and in the Sturgill case an effort was made to confine the Berndt ruling within narrow limits. In the Wright case doubt was expressed as to the propriety of admitting parol testimony, and in the Adams case no criticism was made of the decision of the lower court barring parol testimony. In the other cases the Court indulged in the assumption that parol testimony could be heard.

We are constrained to examine into the correctness of the decision in the Berndt case, in the light of the nature and purpose of election recount proceedings. There have been increasing efforts, in recent years, to litigate election irregularities in recount proceedings, and perhaps this Court has contributed to the trend by failing to mark clearly and distinctly the dividing line between a recount proceeding and a contest suit.

In Burd v. Meadows, 276 Ky. 306, 124 S.W.2d 85, it was stated that the purpose of a recount proceeding was to ascertain *the correctness of the numerical result* certified by the election commissioners.

In the very recent case of Hatcher v. Ardery, Ky., 242 S.W.2d 105, this statement of the purpose of recount proceedings was reaffirmed. In Dixon v. Maddox, 311 Ky. 28, 223 S.W.2d 178, 179, we said that the recount statute "gives a candidate the right to a speedy method of a recount of the votes where only the number of votes is in dispute * * *."

The candidate who is defeated upon the face of the returns as certified by the election commissioners has several remedies. He may institute a contest suit on the ground of illegality in the conduct of the election, violations of the Corrupt Practices Act, KRS 123.010 et seq., fraud, mistake, or any of the recognized grounds. As part of the contest suit, he may request a recount of the ballots on the ground of fraud or mistake. Wurts v. Newsome, 253 Ky. 38, 68 S.W.2d 448; Moore v. Stephenson, 279 Ky. 780, 132 S.W.2d 316. He may unite with the contest suit a request for a simple recount, without stating any grounds therefor, or he may initiate a separate proceeding asking for a simple recount. KRS 122.060, 122.100; Kincaid v. Hurst, 287 Ky. 824, 155 S.W.2d 225; Wurts v. Newsome, supra; Moore v. Stephenson, supra.

▆ The defeated candidate who believes that certain ballots should not have been counted by reason of some irregularity in the conduct of the election has an adequate and complete remedy through a contest suit, in which he may ask for a recount on the ground of fraud or mistake. We can find no evidence of any legislative intent that election irregularities be permitted to be litigated in a simple recount proceeding.

The whole background of the recount law indicates the intention of the legislature to provide a simple, speedy means of determining the accuracy of the work of the canvassing board. The recount law as originally enacted, Chapters 50 and 51 of the Acts of 1930, required that the recount proceeding be instituted before the election commissioners issued the certificate of election. It referred to the proceedings as proceedings for an "immediate" recount. The law now requires that the recount be completed "as soon as practicable." KRS 122.060 and 122.100. No provision is made in the recount law for pleadings by which an issue may be raised as to irregularities in the conduct of the election.

▆ It is now the opinion of this Court that the circuit court, in conducting a recount under KRS 122.060 or 122.100, has no greater powers with respect to determining what ballots shall be counted than has the board of election commissioners, and that the court may not hear parol testimony as to the legality of a ballot. The court, in determining whether a ballot is to be counted, is to be governed by what appears on the face of the ballot, the stub book, and the other election records.

▆ If a name in handwriting appears on the back of the ballot, and by examination of the stub book or other election papers it appears that a person by that name served as a judge of the election, the ballot must be accepted, in a recount proceeding, as meeting the requirement of KRS 118.280 that one of the judges sign his name on the back of the ballot. The court, in a recount proceeding, cannot engage in a comparison of handwritings, because the genuineness of the handwritings sought to be compared could be established only by extrinsic evidence.

To the extent that they hold or are authority for the proposition that parol testimony or extrinsic evidence may be admitted, in a recount proceeding under KRS 122.060 or 122.100, for the purpose of determining whether or not a ballot is legal, Berndt v. Fitzpatrick, 300 Ky. 484, 189 S.W.2d 678, and the other cases mentioned in this opinion are overruled.

It has been strongly urged by counsel for appellant in this case that the opinion in Stevens v. Coleman, 311 Ky. 313, 224 S.W.2d 149, is erroneous and should be overruled to the extent it holds that the 1942 General Assembly did not effectively enact into law a requirement that the judge of election must sign the ballots in his own handwriting. In view of our holding in the instant case, it will be apparent that the question of whether the judge's name appearing on the back of a ballot was signed

by the judge in his own handwriting, cannot be raised in a simple recount proceeding, so there is no occasion in the instant case for a reconsideration of the Stevens case. However, in view of the fact that the question may in the future arise in a contest suit, and in view of the fact that some doubt seems to exist among members of the Bar as to the state of the law with reference to the signing of the ballots by a judge of the election, it does not seem improper for this Court to suggest that the question could be clarified, and future litigation avoided, by an enactment of the legislature expressing clearly and positively the legislative intent.

We also consider it appropriate to suggest for the consideration of the legislative branch of government the desirability of a clarification of the statutory provisions relating to election recount proceedings.

The judgment is affirmed.

COMBS, J., not sitting.