**Hilliard KALAR, Appellant,**

v.

**Minter EPPERSON et al., Appellees.**

Court of Appeals of Kentucky.

Jan. 27, 1961.

Rehearing Denied March 10, 1961.

STANLEY, Commissioner.

In the November, 1960, election of a member of the Board of Education of Powell County from District No. 4, composed of three precincts, the election commissioners certified that Minter Epperson had received 175 and Hilliard Kalar 172 votes. Upon a recount, the court found that Epperson had received 173 and Kalar 172 valid ballots, and held the former elected by one vote. On this appeal Kalar confines his contentions to the question of whether the trial court properly counted three certain ballots cast in South Fork precinct No. 4 for Epperson. Appellant contends that they should have been disregarded as invalid because they bore distinct marks put thereon for the purpose of identifying the voters. The questioned ballots have been brought here for this court's inspection.

■ There was no evidence concerning why or by whom these marks were made, and the court properly considered only the face of the ballots, for extrinsic evidence that might affect their validity could not have been received, the integrity of all the ballots having been preserved. KRS 122.-100; Hogg v. Howard, Ky., 242 S.W.2d 626; Robinson v. Osborne, Ky., 314 S.W. 2d 681.

The questioned ballots were voted by a standard stencil mark. Exhibit No. 1 bears a dim curved mark about three-fourths of an inch long, running from the side of the stenciled square through the blank square below it. Exhibit No. 2 bears a check mark about one and a half inches long on the bottom of the ballot. Exhibit No. 3 has a dim, straight, vertical, half-inch mark near the side of the square opposite Epperson's name, which bears a little indication of being a check mark. All of the marks were made with a pencil.

As part of the specifications serving to insure secrecy of the ballots, KRS 118.320 provides as follows:

"(2) No officer of election, or other person entrusted with the custody or

———◆———

Shumate & Shumate, Irvine, for appellant.

Beverly White, Winchester, for appellee.

control of any ballots, either before or after they have been voted, shall in any way mark, mutilate or deface any ballot or place any distinguishing mark thereon for the purpose of identifying it.

"(3) No person shall induce or attempt to induce any voter to place on his ballot the name of any person or any sign or device of any kind, as a distinguishing mark by which to indicate to any other person how he voted. Any ballot so marked shall not be counted for any candidate voted for at that election.

"(4) No voter shall place or permit any other person to place any mark on his ballot by which it may afterwards be identified as the one voted by him."

■ It is rather peculiar that it is only where some "person shall induce or attempt to induce" a voter to mark his ballot for identification that the statute expressly states such ballot shall not be counted. But the judicial construction placed upon all of the provisions is that if there is any mark on a ballot reasonably calculated to identify the voter, it should be held invalid on its face.

In Howard v. Rowland, Ky., 261 S.W.2d 280, 284, upon a review of previous decisions we concluded "that a mark on a ballot should not be considered as 'reasonably calculated' to enable identification of the voter unless either the mark is such that any person could identify the voter, or is such as to indicate a plan or scheme involving the use of a code by which a particular person could identify the voter. If there is some reasonable, legitimate explanation for a particular kind of mark being on a ballot, we would be reluctant to classify it as a distinguishing mark."

■ In a strictly recount proceeding, such as the instant case, where extrinsic evidence is inadmissible, the court must determine the validity of the ballot by its appearance and the records which the board of election commissioners had before it in the canvass of the returns. The court exercises a judicial discretion (Allen v. Sturgill, 311 Ky. 17, 223 S.W.2d 164) in determining as a matter of fact and of law whether there is a reasonable or legitimate explanation for the presence of the marks on the particular ballots being challenged. There is a presumption of good faith and legitimacy. Cole v. Nunnelley, 140 Ky. 138, 130 S.W. 972. Not every inconsequential mark upon a ballot by means of which it might possibly be identified should be regarded as within the condemnation of the statute, KRS 118.320, above quoted. The voter ought not to be disfranchised and the candidate deprived of the vote because somebody carelessly put a scratch mark upon the ballot.

■ In order to throw out the ballots in the case at bar, both the trial and the appellate courts would have to assume that some person having access to them before they were cast marked them for the purpose of identifying the voters. If we are to engage in conjecture, we think it more reasonable to suppose that the faint, inconsequential marks were inadvertently scratched on the ballots without significance rather than to regard them as cryptograms or code symbols, deliberately made as distinguishing marks. The assumption of an evil design is weakened by the fact that precinct officers have no part in canvassing and counting the ballots (as they did before 1930), and that is done at the courthouse by and under the supervision of the county board of election commissioners. KRS 118.370.

Various sorts of marks or irregular conditions of ballots have come before this court, and different conclusions as to their purpose and effect were reached. See Campbell v. Little, 251 Ky. 812, 66 S.W.2d 67; Howard v. Rowland, Ky., 261 S.W.2d 280; Sizemore v. Henson, Ky., 264 S.W.2d 865.

The three questioned ballots were clearly stamped as having been voted for the appellee, Epperson. We concur in the finding of the trial court that they should not be discarded as invalid.

The judgment is affirmed.

MONTGOMERY, J., dissents because the effect of the majority opinion is to legalize a method of identifying ballots by use of pencil marks so as to destroy the secrecy of the ballot. WILLIAMS, J., concurs.