No. 87-343

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

---

BILL J. BISCHOFF, LINDA L. BISCHOFF,
FRANK J. FILOPOULOS, and MICHELE C.
GROOM,

        Plaintiffs and Respondents,

   -vs-

HIGH SCHOOL DISTRICT NO. 4 of Lincoln
County, Montana, CATHY ANN JENKINS,
LAWRENCE H. SVERDRUP, WALTER L. WOMACK,
EDITH C. KAIR, MELANIE L. WOOD, TED M.
BOYD and LENORE GOYEN, the trustees thereof,

        Defendants and Appellants.

---

APPEAL FROM:  District Court of the Nineteenth Judicial District,
                 In and for the County of Lincoln,
                 The Honorable Robert Holter, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Scott B. Spencer, Deputy County Attorney, Libby,
        Montana

    For Respondent:

        Douglas & Sprinkle; William A. Douglas, Libby, Montana

---

Submitted on Briefs:  Jan. 7, 1988

Decided:  February 11, 1988

Filed: **FEB 1 1 1988**

*Ethel M. Harrison*
_____
Clerk

Mr. Justice William E. Hunt, Sr. delivered the Opinion of the Court.


Defendants, High School District No. 4 of Lincoln County and its trustees, appeal the granting of a writ of prohibition by the District Court, Nineteenth Judicial District, Lincoln County.

We affirm.

The sole issue in this case is whether § 20-9-428, MCA, gives a school district board of trustees the authority to determine which electors are not qualified to vote and then deduct those they find to be unqualified from the list of registered voters used as the basis to compute the result of a bond election.

The facts are undisputed. On May 12, 1987, the appellant High School District No. 4 of Lincoln County held an election to approve a bond issue of $1,698,000.00 for renovation of the Libby Senior High School building. Total votes cast were 1,623 with 1,048 in favor and 575 opposed. The certified list of registered voters contained 5,479 names. The total number voting was less than 30 percent of the total number of names on the list. Under § 20-9-428(1)(f), MCA, if this percentage is less than 30 percent the school bond proposition is deemed to have been rejected. On May 14, 1987, the board of trustees canvassed the election. The Board disqualified 296 persons who appeared on the certified list and reduced the count of registered voters accordingly to 5,183. This adjusted the percentage to above 30 percent and the Board then determined that the bond issue had passed. Plaintiff filed a petition for a writ of prohibition to prevent the Board from issuing the bonds which the District Court granted.

The high school district and its trustees argue that § 20-9-428(1), MCA, is clear on its face in granting them the authority to determine whether certain individuals are or are not qualified to vote under their power to canvass. Besides being supported by case law, any other interpretation would give unqualified people voting power to which they are not entitled and in effect would unlawfully require a "super-majority."

Respondents argue, on the other hand, that § 20-9-428, MCA, does not presuppose this kind of authority and that the process of removing names from the certified list requires some due process which is already embodied in other statutes. The disputed statute reads in pertinent part:

> (1) When the trustees canvass the vote of a school district bond election under the provisions of 20-20-415, they shall determine the approval or rejection of the school bond proposition in the following manner:
>
> (a) determine the total number of electors of the school district who are qualified to vote under the provisions of 20-20-301 from the list of electors supplied by the county registrar for such school bond election;
>
> (b) determine the total number of qualified electors who voted at the school bond election from the tally sheet or sheets for such election;
>
> (c) calculate the percentage of qualified electors voting at the school bond election by dividing the amount determined in subsection (1)(b) by the amount determined in subsection (1)(a);

Section 20-9-428(1), MCA.

The appellants argue that subsection (1)(a) allows them to reject registered voters because they must "determine" the total number of electors "who are qualified to vote . . . from the list." When read by itself this statute supports appellants' contentions and would seem to authorize

the procedure followed by the appellant trustees of the school district. However, § 20-9-428(1), MCA, is only a part of the rule that determines this issue.

We held in Woolsey v. Carney (1963), 141 Mont. 476, 378 P.2d 658, that the validity of school elections must be determined by the rules governing general elections. See also Hehn v. Olson (1960), 138 Mont. 576, 358 P.2d 431. Therefore, § 20-9-428, MCA, must be interpreted and read in conjunction with other statutes governing elections, particularly in this case, § 20-20-303, MCA, § 13-15-101, et seq., MCA, and § 13-13-301, MCA.

An elector or voter is qualified to vote in a school election if he meets the requirements of § 13-1-111, MCA, and is a resident of the school district. Section 20-20-301, MCA. Under § 20-20-303, MCA, an elector's qualifications may be challenged under either § 13-2-404, MCA, or § 13-13-301, MCA. Section 13-2-404 governs challenges prior to the election and § 13-13-301 provides for challenges made on election day and is the statute most relevant to this case. Part 3 of Chapter 13 of this title sets out specific procedures by which a determination of qualifications is to be made. See § 13-13-301, et seq., MCA. Nothing in these provisions indicate that school boards may sidestep these procedures as appellants did here. In addition to the foregoing, the appellant trustees are bound by the general canvassing statutes found in § 13-15-101, et seq., MCA.

This Court has recognized that the function of a canvassing board is purely ministerial. State v. Batani (1936), 103 Mont. 353, 362, 62 P.2d 565, 568; State v. District Court, Etc. (1936), 103 Mont. 515, 517, 63 P.2d 147, 149. The board has only that authority given it by statute and cannot take on a judicial or quasi-judicial role unless authorized. The legislature has not given canvassing boards

- 4 -

such a role.   School districts are bound by the election procedures set forth in the statutes discussed herein.

The District Court is affirmed.

_William E. Hunt_
Justice

We Concur:

_J. A. Turnage_
Chief Justice

_John Conway Harrison_

_Fred Weber_

_John C. Sheehy_

_L. C. Gulbrandson_

_R. C. McDonough_
Justices