## Burd v. Meadows et al.

Jan. 13, 1939.

LARIMORE & CRADDOCK and STOKES A. BAIRD for appellant.

HARRY H. WILSON, C. E. NICHOLS and RICHARD L. GARNETT for appellees.

OPINION OF THE COURT BY JUDGE STITES—Affirming.

The appellant, G. L. Burd, was one of two unsuccessful candidates for the office of member of the Hart County Board of Education, at the November election in 1938. Following the certification of the votes, he filed a contest of the election and also asked for a recount of the ballots. Kentucky Statutes, sec. 1596a-12. The contest is not before us. The trial court refused to order a recount of the ballots and this appeal is prosecuted from that order alone.

Appellant insists in his brief, although it does not appear in the record, that he was prepared to introduce proof of the integrity of the ballots. However the allegations of his petition demonstrate the utter lack of certainty as to the condition of the ballots and the court evidently considered the hearing of proof to be unnecessary under the circumstances. In this we concur. The only purpose of a recount is to ascertain the correctness of the numerical result certified. If the ballots have been tampered with, naturally a recount in no way impeaches the original figures for the same thing is not counted. "If the boxes have been rigorously preserved, the ballots are the best and highest evidence, but, if not, they are not only the weakest, but the most dangerous, evidence." Edwards v. Logan, 114 Ky. 312, 321, 70 S. W. 852, 854, 75 S. W. 257, 24 Ky. Law Rep. 1099.

It is alleged in the petition that when the ballot boxes were brought to the courthouse to be counted the boxes were opened and the ballots were dumped out upon the floor and tables and were never counted by authorized tabulators. It is alleged that seventy-five or a hundred unauthorized persons counted the ballots and certified the returns. That ballots were scattered all over the courthouse and many were lost, stolen, and

**308**

misplaced. Appellant likewise alleges that many of the ballots cast for him and the other unsuccessful candidate were taken from the courthouse and never counted at all, that others were mutilated or spoiled, and that there were a sufficient number stolen, mutilated, or spoiled, to have changed the result of the election. If these allegations are true, it is plain that a recount of the votes would not, with any degree of certainty, disclose the actual result of the election. Plainly, therefore, the trial court did not err in refusing to do what necessarily must be a vain thing.

Of course, the allegations of the petition, if true, furnish a proper basis to contest the election successfully and to show that there has been in fact no election at all. The very facts however which indicate the invalidity of the election likewise demonstrate the uselessness of a recount. The fact that the trial court heard no proof does not change the situation for certainly appellant is bound by the allegations of his petition, and it was not incumbent on the court to hear proof which could not affect the result.

Judgment affirmed.