## Moore v. Stephenson.

Oct. 3, 1939.

John W. Caudill, Judge.

J. C. Burnette and W. W. Burchett for appellant.
E. D. Stephenson and F. P. Keesee for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

This case involves the Democratic nomination for the office of state senator from the Thirteenth Senatorial District, composed of Pike, Floyd and Knott Counties.

There were three candidates for the Democratic nomination for the office of senator in the primary election held August 5, 1939. The election commissioners certified that E. M. Moore received 5,599 votes in the district, E. D. Stephenson 5,575 votes, and Doug Hayes, 5,287 votes. Moore is a resident of Knott County, and Stephenson is a resident of Pike County. Within the time required by law, Stephenson filed a petition in the Knott circuit court asking for a recount of all votes cast in Floyd county and in one precinct in Pike county. The recount was asked pursuant to the provisions of Section 1550-28, Kentucky Statutes. On the following day, and before he filed an answer to the petition in the Knott circuit court asking for a recount, Moore filed a petition in the Pike circuit court contesting the right of Stephenson to the Democratic nomination for the office of senator. Two days thereafter, and within five days after the petition for a recount was filed in the Knott circuit court, Moore, the defendant in that action, filed a pleading styled "Answer, counterclaim, and counter grounds of contest." Paragraph one of this pleading was a traverse of the petition for a recount. Paragraph 2 sought a recount of all votes cast in Knott county and in all precincts in Pike county except one precinct in which the petitioner Stephenson had asked a recount. In paragraph 3 it was alleged that Stephenson had violated the Corrupt Practice Act, and was not entitled to the certificate of nomination. A special demurrer, motion to strike, and plea in abatement to the grounds of counter contest set up in paragraph 3 of the answer were filed, and all were sustained. The court sustained Stephenson's motion for a recount of all votes cast in Floyd county and one precinct in Pike county and Moore's motion for a recount of the votes cast in the remaining precincts of the district. A recount of all the votes cast in the district disclosed that Stephenson had received 5,590 votes and Moore 5,537 votes, and the court adjudged that Stephenson had received a plurality of 53 votes over Moore and was entitled to the certificate of nomination as the Democratic candidate for the office of state senator in the Thirteenth Senatorial District. Moore has appealed, and insists that the court erred in adjudg-

ing that the integrity of the ballots had been established, and therefore that the ballot boxes should not have been opened and the ballots recounted. He also insists that the court erred in sustaining the special demurrer to, the motion to strike certain portions of, and the plea in abatement to so much of the answer and counterclaim as sought to set up grounds of contest against the petitioner, Stephenson.

On the recount there was little discrepancy in the various precincts of the three counties between the vote as counted by the court and the vote as certified by the election commissioners except in two precincts in Floyd county. The recount resulted in a gain of 76 votes for appellee in Floyd county and 9 votes in Pike county and a gain of 10 votes for appellant in Knott county, or a net gain of 75 votes in the district for appellee. In Dwale precinct No. 30 in Floyd county the certificate of the Floyd county election commissioners showed that appellee had received 4 votes and appellant 50 votes. The recount showed that appellee had received 17 votes and appellant 10 votes. In Drift precinct No. 36 in Floyd county the election commissioners had certified 12 votes for appellee and 45 votes for appellant. The recount disclosed that appellee had received 21 votes and appellant 29 votes. The result of the recount in these two precincts was a gain of 78 votes for appellee. Appellant challenges the sufficiency of the evidence to establish the integrity of the ballots in Floyd county. The county clerk testified that the ballot boxes were delivered to him by the election officers of the various precincts of the county after the polls closed, and that all the boxes were securely locked when delivered to him except two, but these were not the boxes from Dwale and Drift precincts, the only precincts in which a material error in the count was found. The boxes were stacked in the rear of the courtroom in the courthouse pending the count by the election commissioners, which began about 9 p. m. on August 5 and was completed on August 8 or 9. Six men were employed to guard the ballot boxes while the ballots were being counted and until the boxes were stored in the vault in the clerk's office. Three of the guards were on duty during the day and three at night. The clerk and his two deputies testified that after the election commissioners completed the count the boxes, securely locked, were stored in a steel and concrete vault in the clerk's office and remained there

with the vault locked and no one having access thereto until removed by order of the court. The evidence shows that the boxes were carefully guarded during the progress of the count by the election commissioners; that at the conclusion of the count in each precinct the ballots were placed in the box, which was then locked by one of the election commissioners, and all of the boxes were carefully guarded until they were placed in the vault at the conclusion of the count of the votes in all of the precincts in the county. Proof heard on the motion for a recount of the ballots in Floyd county satisfactorily established their integrity and authorized the recount. The accuracy of the recount is not challenged.

The appellant finally insists that the court erred in sustaining the special demurrer, the motion to strike, and the plea in abatement to so much of his answer and counterclaim as attempted to set up grounds of counter contest. Appellee insists that the proceeding instituted by him in Knott county was merely for a recount and in no sense was a contest proceeding, and that grounds of counter contest cannot be set up in a purely recount proceeding. Section 1550-28 of the Kentucky Statutes provides that any candidate who was voted for at any primary election may contest the right of any candidate to the nomination claimed by him by filing a petition in the circuit court of the county of contestee's residence within 15 days from the day of the primary election, stating specific grounds relied upon for such contest. The same section provides that if either party desires a recount of the ballots before certificates are issued, he shall make request therefor in his petition within 15 days after the day of election. In Wurts v. Newsome, 253 Ky. 38, 68 S. W. (2d) 448, it was pointed out that the statute provides two methods of obtaining a recount; one by request without stating any grounds therefor; and the other by contest on the ground of fraud or mistake on the part of the election commissioners. In the present case, the petition filed by the appellee in the Knott circuit court was merely a request for a recount, and no grounds therefor were stated. Undoubtedly, the defendant in such a case may, in his answer, request a recount in precincts not named in the petition, but whether he can set up grounds of contest need not be decided, since the statute clearly provides that recount proceedings and contest proceedings may be instituted separately and, even though it be conceded that appel-

lant could have included grounds of contest in his answer and counterclaim, he elected to file a regular contest suit in Pike county, the proper forum for an original contest proceeding under the statute, and the Pike circuit court acquired jurisdiction of that action.

It is argued by appellant that he was the successful candidate on the face of the returns, and therefore that he had no right to institute the contest proceeding and it was a nullity. This question was before us in Austin v. Anderson, 279 Ky. 742, 132 S. W. (2d) 56, decided September 29, 1939, and, in the opinion, it was said:

"Under what we consider is the proper construction of this indefinite and confusing statute, we find it unnecessary to identify or classify the petition as being strictly a contest or strictly a request for a recount or both. The statute (Section 1550-28) as amended must, of course, be construed to make it workable and all its parts effectual. The presumption of an intention that both parties shall have a fair and full hearing, provided they proceed diligently within the various periods prescribed, must be entertained. It is provided that a contestee may present a counter-contest within ten days after service of summons upon him. When a candidate has prima facie won his nomination, there is no reason for him to initiate a contest. But whenever that prima facie status has been attacked either by a petition for a recount or a contest, it is fair that the candidate who may be adversely affected thereby should be accorded the opportunity to contest the election given him by the law. The statute provides that a contest may be instituted 'within 15 days from the day of the primary election.' "

It follows that, when appellant's prima facie status was attacked by appellee's petition for a recount, he had the right immediately to institute contest proceedings to preserve his rights in the event the recount showed he was not the successful candidate. He did this, and, when that fact was manifested to the court in the proceedings for a recount, the plea in abatement to so much of the answer as sought to set up grounds of contest not related to the recount was properly sustained.

A certificate of nomination has not been received by the successful candidate due to the fact that the peti-

tion for a recount was filed prior to its issuance, and the time for filing it with the Secretary of State has now expired. A copy of the judgment declaring appellee to be the duly elected Democratic candidate for the office of senator in the Thirteenth Senatorial District, that being the first legal determination of his rights in the premises, will be delivered to the Secretary of State, which will be authority for that officer to certify appellee's name to the respective county clerks in order that his name may be printed on the official ballots to be used in the next regular November election.

The judgment is affirmed. Mandate to issue.

The whole Court sitting.