## Frazier et al. v. Wright.

March 3, 1950.

Rehearing denied April 21, 1950.

S. M. Ward, Judge.

Stephen Combs, Jr., Emmett G. Fields, and Eugene Siler, for appellant.

J. Erwin Sanders and Harry M. Caudill for appellee.

STANLEY, COMMISSIONER—Affirming.

In Wright v. Frazier, 311 Ky. 741, 225 S. W. 2d 310, we held the evidence concerning the preservation of the ballot boxes sufficient to authorize the circuit court to recount the ballots cast in the race for County Court Clerk of Letcher County. Upon the return of the case, the Court proceeded with the recount. The Election Commissioners had found that Frazier received 5,038 and Wright 4,979 votes, a majority of 59 for Frazier. On the recount the Court found Frazier had 4,960 and Wright 5,002 votes, a majority of 42 for Wright. Frazier appeals and insists that on this trial the internal evidence proved the boxes had been invaded and the integrity of the ballots destroyed, hence, the Court should have accepted as correct the finding of the Board of Commissioners and awarded him the office.

On the first appeal, following the expression of opinion that the evidence showing the boxes had been disturbed was not sufficient to overcome the greater body of the evidence that the integrity of the boxes had been preserved, we added, ''It might be possible that upon an examination of the contents, something may be disclosed to show otherwise. That is yet to be determined.''

After the ballots in a number of the boxes had been counted, it was discovered that there were no county election ballots in the box of the West Jenkins Precinct No. 26. It contained only the ballots in the city and school board elections. The Court continued the recount over Frazier's objection in expectation that the missing ballots would be found in other boxes. But they

were never found. The Election Commissioners testified that all the ballots were put back in that box after having been counted and that it was locked. There was no contradiction. Thus, it was shown that some culprit or culprits had entered the box and stolen these ballots. The Election Commissioners' certificate of 151 votes for Frazier and 131 for Wright was accepted by the Court and regarded in the tabulation of the whole.

Following Bailey v. Hurst, 113 Ky. 699, 68 S. W. 867, it has been held that in a recount proceeding where it is found that the ballots in one or two boxes had been tampered with and the integrity of the others had been maintained, rather than disfranchise the electorate, the Court should reject the tampered ballots or the empty box and accept as the best evidence of the will of the people the returns certified by the election officers where it is not proved they had failed in their duty or that their certificate is erroneous. In Browning v. Lovett, 139 Ky. 480, 94 S. W. 661, the ballots had been stolen from one box and those in another had been tampered with, and the rule was applied. Likewise, in Ottley v. Herriford, 161 Ky. 7, 170 S. W. 205; Conley v. Rice, 252 Ky. 370, 67 S. W. 2d 478; Jenkins v. Martin, 287 Ky. 557, 154 S. W. 2d 242.

It may be said that the discovery of the theft of the ballots of the West Jenkins Precinct adds weight to the evidence originally heard that the boxes had not been preserved without molestation. All this tends to depreciate the integrity of the ballots in the other boxes. And yet the ballots and conditions found in those boxes restore their value as the better evidence of the expression of the voters than the count held under the auspices of the Board of Election Commissioners. The only evidence tending to support the view that the ballots in the other precincts had not been preserved without molestation is the differences developed by the recount. There are 54 precincts in Letcher County. The recount of ballots cast in 19 of them exactly tallied with the original count. In a number of others, first one and then the other candidate obtained the advantage of one or two votes. We note the following more substantial differences: In precinct No. 4, Wright gained 6, and Frazier lost 6. In No. 5, Wright gained 15, and Frazier lost 18. In No. 6, Wright gained 5, and Frazier lost 5. In No. 42, Wright gained 4, and Frazier lost 5. In No. 46,

Wright gained 11, and Frazier lost 7. In No. 48, Wright gained 5, and Frazier lost 5. But whatever suspicion these statistics may engender, it is weakened or dissipated by these corresponding results. In No. 1, Wright lost 6, and Frazier lost 7. In No. 17, Wright lost 11, and Frazier gained 11; and in No. 39, Wright lost 10, and Frazier lost 1. So, in this group of boxes where the differences were comparatively greater, Wright made a net gain of only 19 votes and Frazier suffered a net loss of 43 votes. The additional difference which brought about the net result of a majority of 42 for Wright is the variation of only one or two votes and a few ballots which the Court regarded as spoiled or which the Commissioners did not count and the Court regarded as valid votes. It is observed that in precinct No. 5, where Wright gained 15 and Frazier lost 18 votes, there was a total of 530 ballots cast so that the error in the initial count by the Election Commissioners was less than 3%, which is not shocking when it is considered that these same ballots were also counted in eight or nine other races and two Constitutional amendments. The thought that ballots may have been switched from box No. 26 into the other boxes to create this difference is not supported because the names of the election officers endorsed on the ballots would have shown where they came from, and there is no evidence of such confusion of ballots.

Therefore, the Court is of opinion that the trial court properly accepted the result of the recount in all the other boxes and regarded as correct the returns certified by the Board of Election Commissioners in the West Jenkins Precinct.

The judgment is affirmed.

Judge Rees and Judge Latimer dissenting.

Judge Thomas absent.