HATCHER v. ARDERY.

Court of Appeals of Kentucky.
Sept. 6, 1951.

Joe Hobson, Prestonsburg, Cassius M. Clay, Paris, for petitioner.

J. L. Donaldson, Carrollton, Amicus Curiæ.

CULLEN, Commissioner.

Following the state-wide primary election held on August 4, 1951, George Glenn Hatcher, who was a candidate for Democratic nomination for Auditor of Public Accounts, filed a petition in the Franklin Circuit Court, under KRS 122.060, seeking a recount of the votes in 16 counties designated in his petition. He tendered, with his petition, a bond in the amount of $500, to cover the costs of the requested recount. The judge of the Franklin Circuit Court refused to approve the tendered bond, and dismissed the petition for a recount, on the ground that the court had no jurisdiction of the subject matter.

Following the dismissal of his petition, Hatcher brought an original proceeding in this Court, seeking a writ of mandamus to compel the circuit judge to enter an order fixing a date for the requested recount, fixing the amount of bond to be executed for the costs of the recount, and directing that the ballots, boxes and election papers in the 16 designated counties be transferred to the circuit court. Pending this proceeding, Hatcher also appealed from the order of the circuit court dismissing his recount petition. The appeal was dismissed because of the absence of process on the defendants under KRS 122.060, and the mandamus proceeding is now before this Court for determination.

The question before the court is whether a losing candidate for nomination in a primary election for a statewide office may petition for a recount in designated counties, without seeking a recount of all the votes cast in his race. Necessarily involved in that question is the question as to the amount and character of the bond required by statute to be executed by the party who requests a recount.

The statute governing recounts in primary elections is KRS 122.060, but because of its confusing, ambiguous, and inadequate provisions, the question in issue cannot readily be answered from the words of the statute. In order to seek out the legislative intent, it becomes necessary to examine the nature and purpose of recount proceedings, and the place such proceedings occupy in our election procedures.

A simple recount, without specification of grounds of objection to the original count, was first authorized in this state in 1930, by Chapters 50 and 51 of the Acts of 1930, which are now KRS 122.060 and 122.100. Recounts in connection with contest proceedings, on fraud or similar grounds, were authorized for many years prior to 1930, and are now authorized by KRS 122.020 and 122.070. See Moore v. Stephenson, 279 Ky. 780, 132 S.W.2d 316. From the *contest* statutes, it is reasonably clear that a candidate in a state-wide race may contest a primary or general election by attacking the returns in individual counties, and it appears that the normal remedy for a candidate dissatisfied with the results in particular counties would be by a contest proceeding.

The recount procedure is a special, extraordinary procedure, authorized by the legislature for the purpose of ascertaining the correctness of the numerical result certified by the election commissioners. Burd v. Meadows, 276 Ky. 306, 124 S.W.2d 85. The legislature has provided a machinery for recounting the votes when the candidates are dissatisfied with the results as certified by the original counting

authorities. This machinery is placed in operation by the filing of a petition for a recount. Once the machinery has been put in motion by the filing of a petition, it is available for the benefit of all candidates in a particular race. Moore v. Stephenson, supra.

■ Although the statute does not expressly authorize the recount machinery to be put in motion by a petition requesting a recount only in designated counties, this Court has recognized that once the recount proceedings have been commenced, it is not necessary that the votes in all the counties be recounted. Rose v. Shotwell, 300 Ky. 556, 189 S.W.2d 855; Moore v. Stephenson, 279 Ky. 780, 132 S.W.2d 316; Frazier v. Wright, 312 Ky. 523, 228 S.W. 2d 424; Wilhoit v. Liles, 300 Ky. 564, 189 S.W.2d 851. The scope of the recount will depend upon the respective demands of the parties and upon the establishment of the integrity of the ballots. It would be an unreasonable interpretation of the statute to require that the initial petition request a recount of all the votes, in view of the fact that the scope of the recount might in the course of the proceedings be materially reduced.

■■ We are of the opinion that a candidate may request a recount in less than all of the voting territory embraced in the election. However, the statute expressly requires that the party requesting the recount must execute bond with approved surety "for the costs of the recount." Since the party initially requesting the recount places in operation the machinery for the recount, which may be resorted to by the opposing candidates, and since the requests of the parties may eventually require a complete recount, it must be assumed that the statute requires the initiating party to execute bond sufficient to cover all of the potential costs of the recount proceedings. The costs involved primarily are the costs incurred by the court in causing the ballots to be transferred to the court, providing suitable guards, and actually conducting the recount. It is these costs which the legislature wants to be secured. The reasonable construction of the statute is that a recount proceeding shall not be entertained unless the party who initiates it executes a bond in an amount sufficient to cover any costs that may accrue in the course of the proceedings.

A writ of mandamus will issue directing the respondent circuit judge to enter an order fixing a bond in an amount sufficient to cover all costs that may be incurred in the recount proceedings, including the costs that may result from a request by the opposing candidates for a recount in counties other than those designated by the petitioner. The writ will further direct the circuit judge, upon such bond being executed, to fix a date for the recount and to enter an order directing the ballots, boxes, and all papers pertaining to the election in the counties designated in the petition, to be transferred to the circuit court.