## HAMMONS v. GREEN.

Court of Appeals of Kentucky.

Oct. 26, 1951.

Hiram H. Owens, Barbourville, for appellant.

K. H. Tuggle, Barbourville, for appellee.

STANLEY, Commissioner.

On the face of the returns of the recent August primary, Charles Malcolm Green was nominated as the Republican candidate for member of the legislature by a majority of four votes over Chester A. Hammons, the tabulation being 2,078 votes for Green and 2,074 for Hammons. A recount was had upon Hammons' petition.

The special circuit judge, apparently as a matter of convenience, counted the ballots before receiving proof of their integrity. The statutory provision is that the judge "shall proceed to recount the ballots if their integrity is satisfactorily shown." KRS 122.060. The irregularity in the order of procedure does not seem to have been of any consequence. The court had found that Hammons had received 2,075 votes and Green, 2,072, including the absentee ballots. Time was given for the parties to take proof upon the integrity of the ballots. They stipulated that "the ballots counted in this action for recount, except the absentee ballots and absentee ballot box, shall be received without testimony of integrity with full faith and credit. As to all the absentee ballots voted and counted and the ballot box containing same, the defendant challenges the integrity thereof." They also agreed that the testimony of the election commissioners given in the contest of Pickard v. Jones, Ky., 243 S.W.2d 46, should be made a part of the record in this case and that either party could take the depositions of the county court clerk. It was further agreed that of the absentee ballots, Hammons received 64 and Green, 12, as counted

**40**

by the commissioners. The clerk testified to having protected and preserved the absentee voters' box from the time the votes began to come in and were deposited in the box until the conclusion of the count by the commissioners on the night of the election. But neither he nor anybody else was asked where or how the box or the ballots had been kept from that night until the judge started the recount. There was, therefore, no proof that the integrity had been maintained during a period of 35 days. In such a case, the returns of the election commissioners would have to be accepted. Frazier v. Wright, 312 Ky. 523, 228 S.W.2d 424. However, the circuit court determined that the ballots should not be counted because "the mandatory provisions of the statute concerning the casting and counting of the absentee ballots has not been complied with." Deducting 64 votes from Hammons' 2,075 and 12 from Green's 2,072, the court adjudged Green entitled to the certificate of nomination. Hammons appeals.

The story of the disregard of the statute in handling the absentee ballots and the fatal consequences thereof is told in Pickard v. Jones, supra.

In the recent case of Hogg v. Howard, Ky., 242 S.W.2d 626, the court reconsidered the construction of the provisions of the statute authorizing the recount of ballots. KRS 122.010 et seq. Overruling previous opinions, the court held that parol testimony should not be received to affect the ballots since the purpose of the statute is only to ascertain the correctness of the numerical result as found by the board of election commissioners. We held that the circuit court "has no greater powers with respect to determining what ballots shall be counted than has the board of election commissioners."

 The Statutes have placed the handling and the count of the ballots of absentee voters in a special class to themselves. The stipulation of the parties in this case recognized that they presented a different problem and they expressly agreed that parol evidence should be considered. That evidence shows the integrity or legality of the ballots was destroyed by the commis-

sioners and that they should not have considered them in their final and complete tabulation of the returns. They should not have been counted. Therefore, the circuit court was authorized to discard those returns.

The judgment is affirmed.

COMBS, J., not sitting.