RENDERED: DECEMBER 22, 2022; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1316-EL

BRIDGETTE EHLY                                                                 APPELLANT

v.

AN ELECTION APPEAL
ARISING FROM OLDHAM CIRCUIT COURT
HONORABLE JERRY CROSBY, II, JUDGE
ACTION NO. 22-CI-00246

COMMONWEALTH OF KENTUCKY,
STATE BOARD OF ELECTIONS                                                APPELLEE

OPINION
AFFIRMING

* * * * * *

BEFORE: CLAYTON, CHIEF JUDGE; GOODWINE AND McNEILL, JUDGES.

GOODWINE, JUDGE: This matter comes before the Court on Appellant Bridgette Ehly's appeal from an order of distribution entered on October 31, 2022, and an order of correction entered on November 2, 2022, by the Oldham Circuit Court, directing sums to be dispensed to state agencies and recount personnel for the costs incurred in the recount of the May 17, 2022, Republican primary election for the office of State Representative for the 59th District. Having reviewed the record and

applicable law, we affirm the orders entered on October 31, and November 2, 2022.

## I.  BACKGROUND

On May 26, 2022, Ehly filed a petition for a recount pursuant to Kentucky Revised Statutes (KRS) 120.095.  Ehly named only the Commonwealth of Kentucky, State Board of Elections (Board) as a party-defendant.  She did not name her opponent, Speaker David Osbourne.  On June 3, 2022, Ehly attended and was represented by counsel at a hearing to determine the recount bond as well as the recount procedures.  On June 6, 2022, the circuit court set the recount bond amount at $21,700.  The circuit court ordered that Ehly "shall be responsible for paying all costs associated with a recount in the 59th District State Representative race."  June 6, 2022, order at 8.

On June 14, 2022, the Board moved to dismiss the petition based on Ehly's failure to name all necessary parties.  On June 17, 2022, the circuit court entered an order pursuant to KRS 120.095(1), directing "custody of the voting machines, voting equipment, or voting system, the ballots, boxes, and all papers pertaining to the election to be transferred to the Oldham Circuit Court."  June 17, 2022, order at 1.

On June 27, 2022, after the parties had briefed the necessary party issue, the circuit court granted the motion to dismiss.  The order also directed the Oldham Circuit Court Clerk to return the ballots, papers, voting machines, keys, *etc*.

"to the Oldham County [] Clerk as soon as practicable under the same procedures employed to secure their transport to the Oldham County Temporary Courthouse." June 27, 2022, order at 9. Consequently, the ballots and voting machines were returned to their respective custodians. By order entered on July 6, 2022, the circuit court directed that payment of the costs incurred in the transportation and security of the ballots in June shall be paid from Ehly's recount bond. The court also noted that it had received an invoice from the Oldham County Clerk's office for the costs associated with the recount, but the court determined those costs were part of the clerk's regular course of business and therefore were not subject to reimbursement.

On July 5, and July 18, 2022, Ehly appealed from the circuit court's June 6, 2022, bond order; the June 27, 2022, order of dismissal; and the July 6, 2022, order of distribution. This Court reversed the June 27, 2022, order of dismissal and remanded the matter for a statutory recount by opinion rendered September 30, 2022.

After the circuit court's jurisdiction had been restored over the case, it entered another order on October 13, 2022, setting the recount bond at $12,500. Again, the circuit court ordered that Ehly "shall be responsible for paying all costs associated with a recount in the 59th State Representative Republican primary race[.]" October 13, 2022, order at 1. The next day, on October 14, 2022, the circuit court entered an order pursuant to KRS 120.095(1) directing the custody of the

ballots, voting machines, and voting paraphernalia to be transferred to the Oldham Circuit Court Clerk. The recount was then held on October 21, 2022.

On October 31, 2022, the circuit court entered an order of distribution, directing payment to the Oldham County Sheriff's Office, the Oldham County Fiscal Court, and the Recount Chairperson and Vote Tabulators for the costs incurred from their assistance with the recount of the 59th District Representative Republican primary election. The circuit court amended the October 31, 2022 order on November 2, 2022, changing the amount due by $0.10. Ehly filed a motion to alter, amend, or vacate the October 31, 2022 order, seeking to recover the costs paid from her recount bond for the transportation and security of the ballots to and from the Oldham County Courthouse in June. She filed the instant appeal on November 8, 2022. The circuit court denied her motion to alter, amend, or vacate on November 21, 2022.

Ehly contends that she has been wrongly charged twice for the expenses of transporting and securing the ballots even though she did not receive a recount in June because the circuit court erroneously dismissed her petition. Appellant's Brief, at 3-4.

## II. STANDARD OF REVIEW

We have found little to no case law on the standard of review of a challenge to a recount bond. Therefore, we turn to analogous cases for guidance.

A challenge to a supersedeas bond is reviewed for an abuse of discretion. *See Clay v. WesBanco Bank, Inc.*, 589 S.W.3d 550, 558-59 (Ky. App. 2019); *Strunk v. Lawson*, 447 S.W.3d 641, 651 (Ky. App. 2013). Although we have not found case law directly on point to the situation at hand, we conclude the circumstances here are analogous and we apply the standard of review for a challenge to a supersedeas bond. Therefore, we review for abuse of discretion. A trial court abuses its discretion where its decision is "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

### III. ANALYSIS

Ehly asserts four arguments on appeal. First, she argues that her having to pay for the transportation and security expenses incurred in June and October penalizes her for exercising her statutory right to an appeal under KRS 120.075. Appellant's Brief, at 5-6. KRS 120.095, however, requires that the petitioning party post a bond to cover the costs of the recount. In *Hatcher v. Ardery*, Kentucky's then-highest Court held that this includes costs not originally intended by the petitioner but that accrued because of the recount petition. 242 S.W.2d 105, 107 (Ky. 1951). The Court explained that, under the framework of the recount statute, if a petitioner requests only a partial recount but her opponent

demands a full recount, the petitioner shall be responsible for all costs of the recount, holding:

> [I]t must be assumed that the statute requires the initiating party to execute bond sufficient to cover all of the potential costs of the recount proceedings. The costs involved primarily are the costs incurred by the court in causing **the ballots to be transferred to the court**, **providing suitable guards**, and **actually conducting the recount**. It is these costs which the legislature wants to be secured. The reasonable construction of the statute is that a recount proceeding shall not be entertained unless the party who initiates it executes a bond in an amount sufficient to cover **any costs that may accrue in the course of the proceedings**.

*Id.* (emphasis added).

Ehly proposes that the expenses from June "must be borne by the Oldham Circuit Court that made the erroneous ruling or the defendants that sought the erroneous dismissal or both." Appellant's Brief, at 5. However, Ehly does not provide any statute, case law, or other relevant authority to support this. What she proposes would place the cost of her recount upon the taxpayers and the state agencies following the directives of the circuit court which in turn followed the letter of the law under KRS 120.095. We find this argument without merit.

Second, Ehly argues she has been denied due process of law because she had no notice that if she appealed the dismissal of her recount petition, then she would be charged for the second round-trip transportation and security of the ballots. Appellant's Brief, at 14. We also find this argument unpersuasive.

"The hallmark of procedural due process is 'the opportunity to be heard at a meaningful time and in a meaningful manner.'  That is, notice and an opportunity to be heard." *Harrison Silvergrove Property, LLC v. Campbell Cnty. and Municipal Board of Adjustment*, 492 S.W.3d 908, 915 (Ky. App. 2016) (citations omitted).  Ehly received notice of the circuit court's orders, and she had an opportunity to be heard.  Both orders entered on June 6, and October 13, 2022, setting the recount bond amounts, mandate that Ehly shall be responsible for all costs associated with her recount petition.  Moreover, the circuit court held a hearing on June 3, 2022, to set the first recount bond.  Ehly was present and represented by counsel.  Thus, Ehly's misplaced belief that if she won her appeal, she would not have to pay all costs associated with her recount petition, *i.e.*, her misunderstanding of the law, does not implicate the due process doctrine.

Third, Ehly argues that the circuit court violated the separation of powers doctrine by assessing the costs of transporting and securing the ballots in June against her when no recount actually occurred.  Appellant's Brief, at 7 n.3.  She asserts that, if KRS 120.095 requires a petitioner to post a bond for the costs of the recount, but a recount is never held, then the petitioner should not be responsible for the costs of a recount that did not occur.  *Id.* at 10.  She argues that because there was no recount, she cannot be held responsible for those expenses or that she should not have paid for the costs of transporting and securing the ballots

in October.  She further claims the circuit court violated the separation of powers doctrine when it determined the expenses incurred in June were costs of a recount even though no recount had been held in June.  *Id.* at 13.

Section 27 of the Kentucky Constitution provides that "[t]he powers of the government of the Commonwealth of Kentucky shall be divided into three distinct departments":  the legislative department, the executive department, and the judicial department.  Section 28 further mandates that "[n]o person or collection of persons, being of one of those departments, shall exercise any power properly belonging to either of the others, except in the instances hereinafter expressly directed or permitted."

The circuit court here has not exercised power properly belonging to another branch of government.  Rather, it has followed the statutory directives of KRS 120.095.  Through the enactment of KRS 120.095, the General Assembly gave the circuit court the authority and discretion to determine the costs of a recount.  KRS 120.095(1) reads in pertinent part, "[t]he party requesting the recount shall execute a bond with approved surety for the costs of the recount, **in an amount to be fixed by the Circuit Judge**."  (Emphasis added.)

Here, the circuit court assessed the costs of the recount, including the expenses incurred in June, against Ehly, the party requesting the recount. Although the ballot boxes were twice transported and secured, all of these costs

- 8 -

were nonetheless incurred as part of Ehly's recount. Ehly does not argue these costs were fraudulent or unsupported. Thus, the circuit court, by the authority vested in it through KRS 120.095(1), determined the costs of the recount and ordered that they be paid out of Ehly's recount bond. Therefore, we have no reason to conclude the circuit court abused its discretion or that it violated the constitutional separation of powers provisions in assessing all costs of the recount against Ehly.

Lastly, Ehly argues the circuit court erred when it limited the grounds for relief under CR 59.05 and denied her CR 59.05 motion. However, she misunderstands the purpose of a CR 59.05 motion as well as the effect of its denial. The primary purpose of CR 59.05 is to allow parties to call errors of law and fact to the trial court's attention before an appeal. "Our case law is clear, however, that there is no appeal from the *denial* of a CR 59.05 motion. The denial does not alter the judgment. Accordingly, the appeal is from the underlying judgment, not the denial of the CR 59.05 motion." *Ford v. Ford*, 578 S.W.3d 356, 366 (Ky. App. 2019). Our substantive review thus is limited to the propriety of the orders distributing the costs of the recount from Ehly's bond, not the denial of CR 59.05 relief.

## IV.  CONCLUSION

For the reasons above, we affirm the Oldham Circuit Court's orders distributing the costs of the recount from Ehly's recount bond.

ALL CONCUR.

BRIEF FOR APPELLANT:

J. Vincent Aprile II
Louisville, Kentucky

BRIEF FOR APPELLEE:

Taylor Austin Brown
Frankfort, Kentucky